## RIGGS v. GOODRICH, *Appellant.*

1. **Judgment Liens**: CHANGE OF STATUTE. While the lien of a judg-ment was yet alive, the law was changed so as to reduce the dura-tion of judgment liens from five years to three. Without deciding whether the new law applied to this judgment, or not; *Held*, that if it did, the three years must be counted, not from the date of the judgment, but from the time when the new law took effect. See Sess. Acts 1863, p. 24; Gen. St. 1865, p. 636, § 3.

2. ————: EXECUTION. The levy of an execution before the expiration of the lien of the judgment, will continue the lien beyond the stat-utory period of its existence and until the sale.

3. **Judgment**: WHEN DISCHARGED BY ACCEPTANCE OF NOTE. Accept-ance, by a judgment creditor, of a note to the full amount of his judgment does not operate to satisfy or discharge the judgment, unless it is expressly so agreed.

*Appeal from Miller Circuit Court.*—HON. GEO. W. MILLER, Judge.

AFFIRMED.

*Smith & Krauthoff* for appellant.

*Silver & Belch, Draffen & Williams* and *Edmund Burke* for respondents.

NORTON, J.—This is an action of ejectment instituted in the circuit court of Miller county, by the heirs of Owen Riggs, deceased, to recover the possession of several tracts of land described in the petition. The answer denies that plaintiffs have either title to the lands sued for, or the right to the possession of them, and sets up title in the defend-ant. Upon a trial of the cause, plaintiffs obtained judg-ment, from which the defendant has appealed.

Both parties claim through Daniel Cummings, as the common source of title. The plaintiffs claim under a sher-iff's deed executed in virtue of a sale made by the sheriff of Miller county on the 6th day of October, 1869, under an execution which issued upon a judgment in favor of

William North and William P. Scott, composing the firm of North & Scott, and against said Daniel Cummings. The said judgment was rendered by the Miller county circuit court on the 27th day of April, 1864, in a proceeding to foreclose a mortgage made in 1858 by said Cummings, to secure the payment of certain notes given by said Cummings to said North & Scott. The said-mortgage embraced all the lands sued for except the northwest quarter of section 17, township 41, range 12. Cummings having been served with process in said suit and having appeared to the action, the judgment was a general one and directed that if the mortgaged property was not sufficient to satisfy the debt, damages and costs, then the residue to be levied of the lands, etc., of said Cummings. An execution was issued upon this judgment and delivered to the sheriff of Miller county, who, on the 31st day of March, 1869, levied on the said northwest quarter section 17, township 41, range 12, not embraced in said mortgage. Under this execution both the land described in the mortgage and the said quarter section not described therein were sold to Owen Riggs, the ancestor of plaintiffs, on the 6th day of October, 1869, the land described in the mortgage not being sufficient to pay the said judgment. The sheriff making said sale having removed from the county before executing a deed, and Riggs, the purchaser, having died, the heirs of said Riggs presented their petition to the said circuit court at its March term, 1876, setting up the above facts, and praying that the then sheriff of Miller county be ordered to execute to them a deed, who, under an order of the court, executed and acknowledged a deed in due form conveying the land in suit to plaintiffs. It is upon this deed that plaintiffs rely as showing their title.

The defendant, in support of his title, offered evidence showing that on the 15th day of April, 1868, Milo Blair, register in bankruptcy, made an assignment of all the real and personal property owned by said Daniel Cummings, a bankrupt, on the 22nd day of February, 1868, to Samuel

Harrison, assignee. Defendant also next offered in evidence a deed from said Harrison, as assignee, conveying to defendant the real estate sued for, under a sale made to defendant on the 20th day of January, 1869, which sale was reported to and approved by the United States district court. This deed was offered in evidence as showing defendant's title. Defendant also introduced, as a witness, Edmund Burke, the attorney of said North & Scott in the suit instituted to foreclose the mortgage, who testified that two days before the sale to Owen Riggs under the judgment of foreclosure against said Cummings and under which plaintiffs claim, the said Riggs paid him, as said attorney, some money, and executed a note with Samuel T. Harrison as surety for the full balance of all that was due on the said judgment; that this note was given and accepted with the distinct understanding that it was not to operate as a satisfaction of the judgment against Cummings, but that the sale was to go on, that Riggs was to have permission to control the execution sale, and wanted to buy the land at said sale to save himself; that several months after the sale the amount due on the judgment, for which he had taken Riggs' note previous to the sale, was paid by Riggs; that he considered the foreclosure judgment unpaid at the time of the sale, and up to the time he received the money from Riggs; that he never demanded any money from the sheriff on account of Riggs' bid at said sale, and never received any from said sheriff. Other evidence was offered bearing on the question of estoppel, which we deem unnecessary to notice, as other questions in the case are decisive of it.

It is contended by counsel for defendant that, inasmuch as the northwest quarter of section 17, township 41, range 12, was not included in the mortgage executed by Cummings to North & Scott, as to said tract of land plaintiffs' recovery was wrongful for the reason, as alleged by counsel, that the lien of the general judgment in favor of North & Scott had expired at

1. JUDGMENT LIENS: change of statute.

the time defendant purchased at the sale made by the assignee in bankruptcy. If the fact was, as it is contended it was, that the lien of the judgment had expired as to said quarter section of land when defendant bought of Harrison, the assignee, the point is well taken. The record, however, fails to show that such was the fact. It shows that the judgment in favor of North & Scott was rendered on the 27th day of April, 1864; that on this judgment the execution, under which the sale to Riggs was made on the 6th day of October, 1869, was levied by the sheriff of Miller county on the land in question on the 31st day of March, 1869.

At the time the judgment was renderea, tne act of March 17th, 1863, (Acts 1863, p. 24,) was in force, and provided that the lien of a judgment should continue for five years from the rendition of the same. Under this law the lien of the judgment would not have expired till the 27th day of April, 1869, and if this law is to govern, the lien of the judgment was in full force on the 20th day of January, 1869, at which time defendant purchased the property in dispute at the sale made by said Harrison ; and under the authority of the cases of *Fisher v. Lewis,* 69 Mo. 629; *Seibel v. Simeon,* 62 Mo. 255 ; *McGready v. Harris,* 54 Mo. 137, the title acquired by defendant at such sale was subject to the lien of said judgment. It is, however, claimed that under section 3 of General Statutes 1865, page 636, which provides that the lien of a judgment shall commence on the day of its rendition and continue for three years, the lien of said judgment of North & Scott had expired. The General Statutes of 1865 did not go into effect till the 1st day of August, 1866, and whether the above section be so construed (as it might well be under the authority of the cases of *State ex rel. v. Ferguson,* 62 Mo. 77 ; *State ex rel. v. Hays,* 52 Mo. 578), as to give it only prospective operation on judgments that might thereafter be rendered; or so construed as to give it a retrospective operation on judgments which had been theretofore rendered, the result in

this case would be the same. If it had no retrospective operation then the North & Scott judgment lien continued till the 27th day of April, 1869. If intended to have a retrospective operation on judgments which had theretofore been rendered, applying the principles which governed this court in the cases of *Weber v. Manning*, 4 Mo. 229, and *Seibert v. Copp*, 62 Mo. 182, involving a kindred question, the plaintiffs in this judgment had three years from the 1st day of August, 1866, the time when the General Statutes of 1865 went into effect, to enforce their lien; that is, until the 1st day of August, 1869.

It makes no difference in this case that the sale under the execution did not take place till the 6th day of October, 1869, inasmuch as the levy of the execution made by the sheriff on the 31st day of March, 1869, during the life of the lien, had the effect of continuing the lien till the writ was executed. *Bank of Missouri v. Wells*, 12 Mo. 361.

2. ——: execution.

It is also insisted by counsel that the payment of some money by Riggs, and his execution of a note to the attorney of North & Scott for the full balance due on the judgment of foreclosure, was a payment thereof, and, therefore, it was satisfied and ceased to exist. Under the authority of the case of *Leabo v. Goode*, 67 Mo. 126, and cases there cited, the mere execution, delivery and acceptance by said attorney, of said note, cannot be regarded as a payment of the judgment; before it could have that effect it must be shown that it was agreed between the parties that it should be received in satisfaction and discharge of the judgment. There was not only no evidence of such an agreement, but on the contrary, affirmative evidence that it was expressly agreed that the note was not to be received either in payment or satisfaction of the judgment. Had the evidence showed that Riggs was a party to said judgment, and that he executed his note for the amount of the judgment, which it was agreed should be received in satisfaction of the judgment and was in fact

3. JUDGMENT: when discharged by acceptance of note.

so received, a different question would have presented itself, and the doctrine of the case of *Hull v. Sherwood*, 59 Mo. 172, might well have been invoked. Judgment affirmed, in which all concur.