JAMES COMMISKEY, Defendant in Error, v. JOHN M. MC-PIKE, Plaintiff in Error.

St. Louis Court of Appeals, December 22, 1885.

1. DEBTOR AND CREDITOR—PRE-EXISTING DEBT—PAYMENT.—The taking of the debtor's, or another's note for a pre-existing debt is not a payment of the debt, unless the creditor expressly so agreed to take it.

2. Appellate Practice—Instructions.—If, under the pleadings and the conceded facts, the court could legally render only such a judgment as it did render, such judgment will not be reversed on the ground that erroneous instructions were given.

Error to the St. Louis Circuit Court, Daniel Dillon, Judge.

*Affirmed.*

Dyer, Lee & Ellis, for the plaintiff in error.

Frank J. Donovan, for the defendant in error.

Rombauer, J., delivered the opinion of the court.

There is a conflict of authority in courts of the various states on the subject whether the receipt by the creditor from the debtor, of the note or acceptance of a third person, corresponding in amount, is *prima facie* evidence of the payment of the original demand. Our supreme court in the case of *Appleton v. Kennon* (19 Mo. 641), followed the New York rule as declared in *Tobey v. Barber* (5 Johns. 68), that "a note either of the debtor or of a third person, for a pre-existing debt, is no payment unless the creditor expressly agrees to take it as payment, and to run the risk of it being paid." The rule thus announced has since been repeatedly affirmed. *Leabo v. Goode*, 67 Mo. 126; *Riggs v. Goodrich*, 74 Mo. 112.

It must, therefore, be considered as the settled law of this state, that the acceptance or note to amount to payment must be expressly agreed to be taken in payment by the parties.

In the case now before us, the plaintiff sued the defendant for a balance of six hundred dollars, claimed to be due him for services rendered. The defendant admitted the services and their value as claimed. The answer then set up by way of avoidance, that the plaintiff and the defendant had a settlement, and that the defendant in full payment of the debt drew his draft in

California, where the parties resided, on Henry McPike, in St. Louis, payable to the plaintiff at sight, for the sum of six hundred dollars. That the plaintiff accepted said draft in full payment of the amount found due to him, and presented it to the drawee, who accepted it in writing, but who, at the instance and request of the plaintiff, did not pay it, but continued for the period of more than two years to pay to the plaintiff the interest thereon. It then alleged that the defendant was not notified of the non-payment of the draft, and that the same was never protested, and prayed judgment. The new matter in the answer was controverted by reply.

There was some testimony offered by the plaintiff tending to show that the order or draft was not accepted by him in payment, and also that the defendant several months subsequent to the acceptance of the order or draft, saw the plaintiff, and was advised by him that the draft was not paid, and thereupon promised to pay it himself. There was also testimony offered by the defendant tending to show that the plaintiff never demanded the money from the acceptor, and received interest from him at the rate of ten per cent. per annum for a period of two years, on the face of the draft or order. There was, however, absolutely no evidence of any agreement between the parties that the acceptance of Henry McPike should operate as a payment of the plaintiff's original demand against the defendant.

As the defendant's answer admitted the plaintiff's original demand, and pleaded payment thereof, the burden of proof was on the defendant. As the defendant offered no proof, which, under the law of this state, can be considered as evidence of payment, the plaintiff was entitled to judgment as a matter of law.

We will concede, as the appellant claims, that the court tried the cause on a wholly erroneous theory, and that it misinstructed the jury ; still, conceding all this, we can not see how these errors were prejudicial to the defendant. Prejudicial error alone is the ground for reversal. Where, upon the facts conceded by the pleadings

and evidence, the court can legally render only a certain judgment, and does render such judgment, its judgment will not be disturbed, whatever errors it may have otherwise committed in the trial of the cause.

It is unnecessary to pass upon the question whether the defendant might have recovered by way of counterclaim, any injury done him by the plaintiff's laches, in not insisting upon the immediate payment of the acceptance, as no such issue is raised by the pleadings.

All the judges concurring, the judgment is affirmed.