Sturdevant Bank to the use of Francis M. Hartle,
Appellant, v. John Peterman et al., Respondents.

St. Louis Court of Appeals, April 6, 1886.

1.  Negotiable Instruments — Payment— Original Demands.— The
taking of a note does not extinguish the original demand unless it
is understood and agreed that it is given and taken in payment
thereof.

2.  Practice — Executions — Judgments—Burden of Proof.— The
burden of proof is on a defendant in execution who moves to quash
the execution on the ground that the judgment on which it is
founded has been paid.

3.  ——— Failure of Proof.—Evidence of the taking of a secured
note from a judgment debtor for the amount of the judgment and
the ordering of the return of the execution issued on the judgment,
is not of itself proof of the payment of the judgment.

Appeal from the Cape Girardeau County Circuit
Court, J. D. Foster, Judge.

*Reversed.*

W. H. Miller, for the appellant :   The evidence
shows conclusively that there had been no payment, ex-
cept by the assignee of the judgment, and. that, at the
request of the defendant in the execution.   Freeman
Ex., sects. 442, 3 and 4, and authorities cited ; Freeman
Judgments, sect. 478.

Wilson Cramer and Linus Sanford, for the re-
spondents.

Rombauer, J., delivered the opinion of the court.

This is an appeal from a judgment quashing an
execution issued in favor of the appellant Hartle, as

assignee of a judgment recovered by the Sturdevant Bank. The motion to quash the execution was based on several grounds, but the evidence offered in support of it was all confined to only one of the grounds assigned, namely, that the judgment, on which the execution was issued, had been paid and satisfied prior to its issue.

The respondent contends that the evidence produced, upon the hearing of the motion, warranted the trial court in finding, as it did, that the judgment was paid, while the appellant contends that it did not warrant such finding. This is the only matter in controversy.

The motion to quash was filed and prosecuted by the defendant Peterman, alone, and the burden of proof on the question of payment rested with him. He gave in evidence an execution issued, in favor of the Sturdevant Bank, against himself and the defendants, Wm. Welty and Sebastian Albert, upon a judgment recovered January 11, 1885, for $211.60 and costs, and the sheriff's return thereon as follows : "This execution returned by order of R. H. Whitelaw, plaintiff's attorney May 4, 1885." Also, an execution in favor of the Sturdevant Bank. F. M. Hartle, assignee, against the same parties, issued upon the same judgment July 25, 1885, being the execution sought to be quashed. Also, the judgment entry of the judgment whereon said successive executions were issued, and an assignment on the margin of the record, showing that the judgment had been assigned for value, May 4, 1885, to F. M. Hartle. He, also, introduced the sheriff as a witness, who testified that when he was about to make a levy under the first execution above recited, the defendant Welty offered him his note, endorsed by his father, for the amount of the execution and costs ; that he took this note to the attorney of the bank, who told him it would be satisfactory if S. Albert endorsed it also, and that he did not know what became of that note.

This testimony was objected to by Hartle, but was admitted by the court, against his objections.

The sheriff further testified that some two or three weeks afterwards, he received a letter from Hartle containing money to buy this judgment, and requesting that it be assigned to him. That the money and letter were brought to him by defendant Welty. That he, the sheriff, took the money to the bank and told its officers that the judgment was to be assigned to Hartle.

The defendant Peterman also gave in evidence, against Hartle's objection, a letter written by the cashier of the Sturdevant Bank to its attorney, bearing date March 4, 1885, in words as follows: "F. A. Kage, sheriff, has paid us the amount of $474.84 in full of the judgments of bank against Peterman, Welty, and Albert."

The defendant in the motion, Hartle, proved the same facts as above stated in regard to the Welty note; also, that he, the attorney, drew the instrument of assignment, executed by the bank to Hartle, it being his understanding the judgment was to be assigned to Hartle. Hartle himself testified that he bought the judgment. That he made the arrangement for its purchase with defendant Welty; that he bought it to help Welty, but paid his own money for it.

It is not well conceivable how upon this testimony the motion to quash the execution could be sustained. The giving of the Welty note to the bank was no payment of the judgment, because it is the settled law of this state, that the giving of a note is not payment of an antecedent debt, unless the creditor expressly agrees to take it as payment. *Appleton v. Kennon*, 19 Mo. 641; *Leabo v. Goode*, 67 Mo. 126; *Riggs v. Goodrich*, 74 Mo. 112; *Commiskey v. McPike*, 20 Mo. App. 82.

The letter of the cashier to the attorney was inadmissible in evidence, because it was, as far as the only substantial plaintiff, Hartle, is concerned, the declara-

tion of a stranger.    Nor cân the statements in that letter, in the light of surrounding circumstances, bear the interpretation that the judgments were satisfied.

The liabilities of defendant Peterman were in no way increased by the giving of the Welty note.    He does not claim to have paid any money, or to have assumed any additional obligation.    He has no equities to assert.    He certainly is not in a position to say that the note of his co-defendant Welty to the bank was payment of the judgment, when Welty never claimed and does not claim now that it operated as a payment.

It results that the judgment of the court, sustaining the motion to quash, is unsupported by the evidence and must be reversed.    All the judges concurring, it is reversed.