O'Bryan v. Jones.

---

J. A. O'BRYAN, Appellant, v. D. S. JONES *et al.*, Respondents.

Kansas City Court of Appeals, December 2, 1889.

1. **Payment:** WHEN NOTE IS. When the note of a third party is delivered and accepted under an express agreement that the creditor should take the note absolutely as payment, and at his own risk of collection, then it is an absolute discharge of the debt; but without such express agreement such delivery and acceptance would be *prima facie* a conditional payment.

2. **Practice**: EVIDENCE: INSTRUCTION. The evidence examined and found insufficient to justify giving an instruction on fraudulent representations of the defendants as to the solvency of the maker of the note.

3. ———: ORIGINAL CAUSE OF ACTION: RETURN OF NOTE. There can be no recovery on the original cause of action, where a note is given even as conditional payment without the production and tender of the note at the trial.

*Appeal from the Johnson Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*Orr & McLin* and *A. B. Logan*, for the appellant.

(1) The well-settled rule of law is, that where a note of a third party is taken in payment of a pre-existing debt, or a contemporaneous consideration, it is treated *primā facie* as a conditional payment only, that is, as payment only if paid at maturity; and the authorities all agree that there must be an express agreement that the vendor shall take the note absolutely as payment, and at his own risk, or it will be no payment, if it afterward turns out to be of no value. *Appleton v. Kenna,* 19 Mo. 637, and authorities there cited; *Block v. Dorman,* 51 Mo. 32; *Leabo v. Goode,* 67 Mo. 129; *Commiskey v. McPike,* 20 Mo. App. 83; *Riggs v. Goodrich,* 74 Mo. 112; *Johnson v. Weed,* 9 Johns. 310; *James v. Hockley,* 16 Johns. 278; *Toby v. Barker,* 5 Johns. 68; *Whitlock v. Van Ness,* 11 Johns. 414; *Peter v. Beverly,* 10 Peters, 567. (2) The burden in this case rests upon defendants to show the existence of such an express agreement. *Peter v. Beverly,* 10 Pet. 567; 11 John. 513; 14 John. 404; 2 Gill. & John. 493; 7 Har. & John. 92. (3) The third instruction asked by appellant correctly declared the law, and is applicable to this case. *Wilson v. Foree,* 6 John. 110.

*O. L. Houts*, for the respondents.

(1) Plaintiff's instruction was properly refused because it required defendant to prove an agreement to accept the note in payment beyond a reasonable doubt. Proof by a preponderance of the evidence was sufficient. (2) Plaintiff's third instruction was properly refused : *First*. Because no such issue was proper under the pleadings, or tendered or tried in the case. *Second*. Because there was not a scintilla of evidence. ·(3) Upon the whole record, the judgment is for the right party, and should be affirmed. There was abundant evidence—in fact, all the evidence tended to support the finding of the court. And as the case was tried without the intervention of a jury, every presumption will be made by this court in favor of the action of the trial court. *Stone v. Pennock*, 31 Mo. App. 544; *Baum v. Fryrear*, 85 Mo. 151. (4) Finally, this was an action upon the original cause of action, after the giving of a note in settlement thereof without producing the note for cancellation at the trial, and the judgment should be affirmed for this reason, if no other. *Schepflin v. Dessar*, 20 Mo. App. 569.

GILL, J.—This action is prosecuted by plaintiff O'Bryan to recover of defendants the price of a windmill. The defense is that plaintiff took in payment for said mill the note of one Carlyle, and a small balance of fifteen dollars in cash.

Defendants, at the trial in the circuit court, assumed the burden of the issue thus joined, and introduced three witnesses tending to prove that said mill was sold to defendants on the express agreement that Carlyle's note should be taken as payment absolute. Plaintiff denies such agreement.

The court, of its own motion, declared the law as follows :

"The court declares the law to be, that the delivery of the note of J. W. Carlyle by defendants to plaintiff, and the acceptance, by plaintiff, of said note, is to be treated, *prima facie*, as a conditional payment only; that it is a payment only if paid by maturity by the maker thereof, and, before the court can find that the delivery and acceptance of said note was a payment absolute from defendants to plaintiff, it must believe from the evidence, that said delivery and acceptance was under an express agreement that the plaintiff should take the note absolutely as payment, and at his own risk of collection; and, in the absence of such express agreement, the delivery and acceptance of the note would be no payment, if it afterwards appears to be of no value, and the proof that there was such an express agreement rests upon the defendants."

The cause was submitted to the court, a jury being waived, and the court found the issues and gave judgment for the defendants. Plaintiff thereupon appealed to this court.

I. The foregoing declaration of law by the court intelligently and completely covers the law of this case. The trial judge, in determining the facts in this case, found that the delivery and acceptance of the Carlyle note was under an express agreement that O'Bryan should take the same absolutely as payment for the mill, and at his (O'Bryan's) own risk of collection; that defendants had made satisfactory proof of these facts; and the judgment, therefore, was, as it should have been, for defendants. *Appleton v. Kenna*, 19 Mo. 637, 640; *Block v. Dorman*, 51 Mo. 32; *Leabo v. Goode*, 67 Mo. 126; *Riggs v. Goodrich*, 74 Mo. 108; *Commiskey v. McPike*, 20 Mo. App. 82.

II. There is no evidence in this record that would justify the court in giving plaintiff's instruction number 3, to the effect that, if the defendants fraudulently represented Carlyle to be solvent, and that he was then insolvent to defendant's knowledge, then plaintiff must

recover. Defendants testified that they informed plaintiff, at the time that Carlyle was hard pressed, that the account was past due two years, but that they thought he would pay—that he was honest, and that, by proper attention, plaintiff might secure the debt out of Carlyle's crop, etc. And all that plaintiff testified was that defendants stated the note was good, nor did plaintiff deny the statements of defendants above noted.

III. But there is yet another feature of this case which precludes recovery by plaintiff. It is well-settled law, that there can be no recovery on the original cause of action, where a note is given, even as conditional payment, without the production and tender of the note at the trial. A party will not be allowed to recover on the original account, and, at the same time, retain a note given therefor. *Schepflin v. Dessar*, 20 Mo. App. 569; *McMurray v. Taylor*, 30 Mo. 263. The plaintiff did not return, nor offer to surrender, the Carlyle note. He cannot, therefore, be allowed to recover on the account for the payment of which the Carlyle note was given him.

The judgment of the circuit court is affirmed. The other judges concur.