H. C. COWGILL et al., Appellants, v. ELIZABETH J. ROBBERSON et al., Respondents.

St. Louis Court of Appeals, May 10, 1898.

1. **Payment**: PROMISSORY NOTE. Where an instrument imports on its face, as a negotiable promissory note, that the amount agreed to be paid should be payable in money only, then there is no other method by which it can be discharged, except by an agreement between the parties to accept some other medium of payment than by payment in money.

2. ———: ———. Purchase of mortgaged property given to secure a promissory note under foreclosure proceedings is not payment according to the terms of the note.

3. ——: ——: EQUITY. In such circumstances equity, and in most of the states, if not all of them, the statute, compels a credit of the amount of the creditor's bid, less cost, not because the purchase by the creditor under the foreclosure proceeding is payment in whole or in part, but because it would be inequitable to permit the creditor to retain both the land and the debt.

4. Judgments: MERGER OF NOTES IN JUDGMENT: EFFECT OF ON RIGHTS OF DEBTOR. When notes are merged in a judgment—extinguished by being consolidated into a higher form of evidence of debt, then there is no longer left to the debtor the right to pay the notes in severalty or to appropriate payments otherwise than as credits upon the judgment as a whole.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

MASSEY & TATLOW for appellant.

The agreement or note signed by E. T. Robberson, here sued on, is plain in its terms, its intent and meaning clear and free from all ambiguity, and it was error to admit oral testimony to show a different meaning or intention than the letter of the contract itself clearly imports. Bishop on Contracts [Enl. Ed.], ch. 7, sec. 169; Lawson on Contracts, sec. 377; Bunce v. Beck, 43 Mo. 267; State to use Early v. Lefaivre, 53 Mo. 470; Jones v. Shaw, 67 Mo. 667; Johnson Co. v. Wood, 84 Mo. 489, 515. The $7,744.50 note of Weisz to plaintiffs Cowgill and Hill, mentioned in the Robberson note, was fully paid on the fourteenth day of September, 1895, by application of the proceeds of the sale of the mortgaged property made thereto by order of the district court of Sedgwick county, Kansas, in its decree of foreclosure of the Weisz mortgage given to secure said note; and the estate of Robberson deceased, then became liable for said $489, and interest thereon. Richardson v. McKim, 20 Kan. 402; Aultman-Taylor Co. v. McGeorge, 31 Kan. 329; Robinson

v. Waddill, 53 Kan. 402; Mitchell v. Ladew, 36 Mo. 526; Thompson v. Field, 38 Mo. 320; Hurck v. Erskine, 45 Mo. 484. The devisees of the will of E. T. Robberson are answerable on said contract or agreement sued on to the extent of the lands devised to them, and the estate of Robberson having been finally closed in the probate court, at the time this suit was instituted, the circuit court, as a court of chancery, has jurisdiction to render the judgment or decree prayed for by plaintiffs. R. S. 1889, sec. 8839; Saur v. Griffith, 67 Mo. 654; State v. Miller, 18 Mo. App. 41; Trustees v. McElhaney, 61 Mo. 540.

GOODE & CRAVENS for respondent.

The cause of action (if any) fully accrued to the plaintiffs long before final settlement of E. T. Robberson's estate, and the bill states no fact or facts making said cause cognizable in equity. Our probate courts have exclusive jurisdiction in the matter of the allowance and settlement of demands against the estates of deceased persons. The instrument sued on created a liability at law pure and simple upon the performance of the condition or happening of the contingency named in the paper. The plaintiffs themselves proved that Mrs. Robberson bought the mortgaged property for $10,000, on the twenty-first day of August, 1895, which was more than nine months before final settlement of the Robberson estate. There is no claim or pretence that the Weisz note was ever paid in any other way than by this purchase, and if this purchase for the amount stated constituted a payment of said Weisz note, then the plaintiffs had a complete remedy in the probate court, and can not now be heard to complain in a court of equity and thus open up said estate, and compel a readjustment of the distribution

thereof. Const. of Mo., art. 6, sec. 34; R. S. 1889, sec. 3397; Titterington v. Hooker, 58 Mo. 593; Cones v. Ward, 47 Mo. 289; Pearce v. Calhoun, 59 Mo. 274; Wernecke v. Kenyon, 66 Mo. 275; Hellman v. Wellenkamp, 71 Mo. 409. When a creditor holds several notes or other independent causes of action which are past due and the debtor suffers suit to be brought on them, and final judgment or decree is rendered, such liabilities cease to be several and become merged in the judgment or decree and the debtor has no longer left him the right to pay them in severalty, but the judgment must be paid in full as a whole. 15 Am. and Eng. Ency. Law, 336; Gould v. Hayden, 63 Ind. 443; Wayman v. Cochrane, 35 Ill. 151. In such case the debtor's right to demand "appropriation" when only partial payment is made, has been lost, and the right and duty of the creditor to credit the judgment with the partial payment is absolute. 2 Parsons, Contracts [7 Ed.], p. 768, and note h; Bank v. Hill, 10 Pick. 129. The foreclosure of a mortgage and the purchase of the land is not a payment of the debt. Briggs v. Richmond, 10 Pick. 396.

BLAND, P. J.—One Joseph Weisz, on April 18, 1893, executed to appellants his two promissory notes for the sum of $7,744.50 each, due respectively in eighteen months and three years after date, with six per cent semi-annual interest coupons attached; notes and coupons were secured by a mortgage on five acres of ground, upon which was situated a steam flouring mill, in Sedgwick county, in the state of Kansas. The first coupons to become due were paid by Weisz to the appellants, but no other payments of coupons or of the principal sums of the notes was ever made by Weisz, or by any one for him. On the fourteenth day of October, 1893, the notes and interest aggregated

$15,489, on that day appellants traded the notes to Dr. E. T. Robberson for land valued at $15,000, in the city of Springfield, Missouri; the STATEMENT. notes were assigned by appellants to the wife of Dr. Robberson and a deed to the Springfield property was executed by Dr. Robberson and wife to the appellants. To make up the difference in value between the Springfield property and the face value of the notes and accumulated interest, Dr. Robberson made and delivered to appellants the following conditional note or obligation:

"SPRINGFIELD, MO., Oct. 14, 1893.

"For value received I promise to pay H. B. Cowgill and Frank Hill the sum of four hundred and eighty-nine dollars out of the proceeds of a certain promissory note, dated April 18, 1893, due eighteen (18) months after date for the sum of seven thousand, seven hundred and forty-four and 50-100 ($7,744.50) dollars signed by Joseph Weisz of St. Louis, Mo., (said note due Oct. 18, 1894), the said $489 to draw the rate of six per cent interest from the 18th day of October, 1893, the condition of this obligation to pay the said Cowgill & Hill said $489, to be the full payment of the said $7,744.50 by the said Joseph Weisz to the undersigned. But provided said note can not be collected the undersigned shall be exempt from the payment of said $489, or any part thereof."

Mrs. Robberson after being put to considerable expense to preserve and protect the mill property in Kansas, brought suit to foreclose the mortgage given by Weisz, who had transferred the property to the other parties. One of the conditions of the mortgage was that on failure to pay either of the notes when due or any interest coupon, the entire debt should become due and payable. On June 14, 1895, a judgment of foreclosure was obtained by Mrs. Robberson

for the whole amount then due on the two notes and interest coupons attached, to wit, $17,636.20; the property was, on August 21, 1895, sold under the judgment of foreclosure and bid in by Mrs. Robberson at $10,000 for the benefit of the legatees of Dr. Robberson, he having died testate several years previous. A report of the sale under the foreclosure was duly made to the Sedgwick county circuit court, which was approved, and the amount of Mrs. Robberson's bid, less the costs, $103.85, ordered credited on the judgment of foreclosure for $17,636.20. From Mrs. Robberson's testimony it appears that the notes, though assigned to her, were the property of Dr. Robberson and constituted a part of his estate. The testimony of herself and of her agents, whom she had employed, was that in order to protect the Kansas property, to keep it in repair and to keep it insured, she had expended $2,500, which by the terms and conditions of the mortgage was properly chargeable against the property.

Dr. Robberson died testate in the fall of 1893; by his will he devised certain real estate in Springfield, Missouri, to the respondents. The suit is in equity to charge this real estate with the payment of the $489 note. The answer set out the trade of the Springfield property for the Weisz notes and mortgage; averred the fact that the first of these notes for $7,744.50 mentioned in the Robberson note sued on was never paid; averred the foreclosure proceedings and purchase of the Kansas property thereunder by Mrs. Robberson for the benefit of the legatees under the will of Dr. Robberson; the expense of $2,500 in caring for the mortgaged property, and denied all liability on account of the note sued on. There was a judgment for the defendants in the trial court, from which after an unavailing motion in review and for new trial, plaintiffs duly appealed.

VOL. 75 app—27

I. The first point presented for discussion and decision by the briefs of counsel is, did the purchase of the Kansas property by Mrs. Robberson for $10,000 at the sale under the judgment of foreclosure, have the legal effect to pay the first of the Weisz notes, within the meaning of the contract or conditional note sued on and made the foundation of the present suit? To pay as usually understood means to deliver money. In Beals v. The Home Ins. Co., 36 N. Y. 522, the court says: "to pay is to deliver a creditor the value of a debt, either in money or in goods, to his acceptance, by which the debt is discharged." The obligation to be discharged in this case and upon the discharge of which the obligation sued on was to become absolute, was a negotiable promissory note for $7,744.50 with interest coupons attached; this instrument imported on its face that the amount agreed to be

PAYMENT: what it is. paid should be payable in money only, and there was no other method by which it could be discharged, except by an agreement between the parties to accept some other medium of payment than by payment of money; no such agreement was made. Daniel in his work on Negotiable Instruments, at section 1221, says: "By payment is meant the discharge of a contract to pay money by giving to the party entitled to receive it, the amount agreed to be paid by one of the parties who entered into the agreement." And at section 1245 he says: "The party bound to make payment has no right to do so in any other medium than that expressed on the face of the instrument—that is, he must make payment in money." The purchase of the mortgaged property by Mrs. Robberson under the foreclosure proceedings was not payment according to the terms of the note, or payment at all; she bid in the property, not by reason of an agreement to accept it in payment or part pay-

ment, but because she was denied payment. In such circumstances equity, and in most of the states, if not in all of them, the statute, compels a credit of the amount of the creditor's bid, less cost, not because the purchase by the creditor under the foreclosure proceeding is payment in whole or in part, but because it would be inequitable to permit the creditor to retain both the land and the debt. Briggs v. Richmond, 10 Pick. loc. cit. 396.

PURCHASE by creditor at foreclosure sale: effect of.

II. If it be assumed that the purchase of the mortgage property by Mrs. Robberson at $10,000 operated in law as payment, yet it was only payment *pro tanto* on the whole of the debt, for there was no separate finding by the Kansas court of the amount due upon each of the notes, but the judgment is for the gross sum due upon both notes with the accumulated interest, and the order of that court was that the amount of Mrs. Robberson's bid, less cost, be credited upon the judgment, the gross amount due, and not specially upon what was due on the first note. The notes were merged in the judgment— extinguished by being consolidated into a higher form of evidence of debt, and there was no longer left to the debtor the right to pay in severalty or to appropriate payments otherwise than as credits upon the judgment as a whole. Gould v. Hayden, 63 Ind. 443; Wayman v. Cochrane, 35 Ill. 151; 2 Parsons on Contracts [7 Ed], p. 768. In no view of the case can it be said there was payment of the first of the Weisz notes.

JUDGMENT, effect of.

III. The oral testimony that was admitted did not tend in the least to contradict or vary the terms of the written instrument sued on; all that it did do was to explain the transaction between Dr. Robberson and the appellants as set forth in the answer

and denied by the reply; it was pertinent and relevant to the issue thus made, and we discovered no error in its admission.   No error is discovered in the record by which the appellants were in the least prejudiced, and we affirm the judgment.   All concur.