ALEXANDER LANDAU, doing buisness as A. LANDAU COMPANY, Appellant, v. OHIO LEATHER COMPANY, a corporation, RESPONDENT.

St. Louis Court of Appeals. Opinion Filed May 4, 1920.

1. **TRIAL PRACTICE: Involuntary Nonsuits: When Taken: Final Submission of Case: What Constitutes.** Where each party had closed his case and there was in fact a final submission of the case to the court sitting as a jury, and the court announced that there was not sufficient credible testimony to justify finding for the plaintiff or to justify the court in requiring defendant to make any showing, and that judgment would be for defendant, and there-

after plaintiff was granted an involuntary nonsuit with leave to move to set the same aside, *held* that at that stage of the proceedings it was too late for plaintiff to take a nonsuit, and the court was without authority to grant the same.

2. **NONSUITS: When Taken.** Under section 1980, Revised Statutes 1909, a nonsuit cannot be taken after final submission of the case.

3. ———: ———: **Granted After Final Submission: Authority of Court Exceeded.** Where an involuntary nonsuit was improperly granted plaintiff after submission of his case to the court sitting as a jury, and plaintiff moved to set the nonsuit aside, and in his said motion the plaintiff did not pray that a new trial be granted him, though this was the end sought, *held that* when this motion came on to be heard, the court should have sustained it, not for the reasons set up therein, but because the court erred and exceeded its lawful authority in granting the nonsuit.

Appeal form the Circui Court of the City of St. Louis.
—*Hon. Rhodes E. Cave*, Judge

REVISED AND REMANDED (*with directions*).

*Frumberg & Russel* for appellant.

(1) A sale is a contract or agreement for the transfer of the absolute property in personalty from one person to another for a money price. Peycke Bros. v. Ahrens, 98 Mo. App. 456, 459. (2) A contract is ordinarily formed by an offer and acceptance. 6 R. C. L. 600. (3) A telegram or a series or telegrams signed by a party or his authorized agent, if otherwise sufficient, satisfies the requirements of the Statute of Frauds. Peycke Bros. v. Ahrens, 98 Mo. App. 456; Hideman v. Wolfstein, 12 Mo. App. 336; Greeley Burnham Grover Co. v. Capen, 23 Mo. App. 301; Cunningham v. Williams, 43 Mo. App. 629; Moore v. Mountcastle, 61 Mo. 424; Leesley Bros. v. Fruit Co., 162 Mo. App. 195. (4) The acceptance of a written proposal or offer may be oral. Carter v. Timber Co., 184 Mo App. 530; Black & Snyder v. Crowther & Adriano, 74 Mo. App. 480; Mastin v. Grimes, 88 Mo. 478; Cunningham v. Williams, 43 Mo. App. 629.

*Virgil Rule* for respondent.

(1) The plaintiff must take a nonsuit, if he de-, sires to do so, before the submission of the cause, and not afterwards. Sec. 1980, R. S. 1909. The recitals in the bill of exception are conclusive. Carter v. O'Neill, 102 Mo. App. 391. (2) Assuming, however, for the sake of argument, that the nonsuit was taken in time, then we have the following points to submit: Where the plaintiff is not precluded by any ruling of the court from recovery, if his evidence so warrants, a nonsuit taken by him will be held voluntary and will not be set aside. Loring v. Cooke, 60 Mo. 564; Williams v. Finks, 156 Mo. 597; Roeder v. Shryock, 61 Mo. App. 485, 487; Netzer Mfg. Co. v. Baker, 137 Mo. App. 670; Bushyager v. Hammond Packing Co., 142 Mo. App. 311. It is only when the action of the trial court precludes the plaintiff from recovery, and in case of a demurrer to the evidence, it is only when the instructions are actually given in writing, that there is an adverse ruling which renders a nonsuit compulsory. State ex rel. v. Giddy, 83 Mo. 138, 142; Chiles v. Wallace, 83 Mo. 85, 93; Green County Bank v. Gray, 146 Mo. 568, 572; McClure v. Campbell, 148 Mo. 96, 112; Lewis v. Mfg. Co., 199 Mo. 463; Carter v. O'Neill, 102 Mo. App. 391; Adamson v. Railroad, 126 Mo. App. 127; Armstrong v. Dunn, 180 Mo. App. 123. Calling the nonsuit involuntary will not make it such if the record shows it to be voluntary. Such a statement is a mere conclusion. Carter v. O'Neil, supra; Greene County Bank v. Gray, supra. (3) This court will not reverse the judgment of any court unless it believes that error was committed against the appellant materially affecting the merits of the action. Sec. 2082, R. S. 1909.

ALLEN J.—This is an action to recover damages for breach of a contract alleged to have been entered into between the parties whereby defendant, it is al-

leged, sold and agreed to deliver to plaintiff a certain quantity of hides. Plaintiff is a resident of the city of St. Louis, and the defendant is a corporation of the State of Ohio. The action was instituted by attachment, but thereafter the defendant entered its general appearance.

The petition alleges that on March 4, 1916, defendant sold to plaintiff three thousand hides, averaging certain weights, at various prices alleged, delivery to be made at Girard, Ohio. Alleging that plaintiff was ready, willing and able to pay the purchase price of said hides, and demanded delivery thereof, it is averred that defendant breached the contract in refusing to deliver the property, to plaintiff's damage in the sum of $2850.

The answer is a general denial.

The cause came on for trial on May 9, 1917, before the court without a jury, a jury having been waived. Plaintiff introduced the deposition of one witness, the testimony of the plaintiff, Alexander Landau, and various exhibits, and rested his case. Defendant also rested, and the court thereupon took the cause under submission.

Thereafter, on May 21, 1917, plaintiff moved to set aside the submission, and the court ordered the motion be sustained on condition that plaintiff pay the cost accrued to date and a further sum "on account of costs of witnesses for defendant at the trial of said cause." Thereafter, on June 2, 1917, at the same term, plaintiff having complied with said order, the submission was set aside and the cause continued.

The cause again came on for trial on September 29, 1917. The record before us recites that on that day the following proceedings were had, viz.:

"Come now the parties plaintiff and defendant, and the cause coming on to be heard is taken as submitted on the testimony heretofore offered in this case, and the following proceedings were in addition thereto had:

"Plaintiff offers in evidence the deposition of Sigmund Cahn, together with all of the exhibits thereto attached, the said deposition and exhibits being in words and figures as follows:"

Then follows the deposition of said witness and a number of exhibits set out in the record. The record then continues as follows:

"Thereupon, on the 29th day of September, A. D. 1917, at the June Term, 1917, of the said court, there being no further testimony, the court announced that in his opinion, upon the plaintiff's case, there was not sufficient credible testimony to justify a finding for the plaintiff, or to justify the court in requiring the defendant to make any showing, judgment would be for the defendant.

"To which judgment of the court, and the rendition thereof, the plaintiff, by his counsel, then and there objected and duly excepted, and still continues to except.

"Thereupon the plaintiff prayed the court, and was by the courts granted, an involuntary nonsuit, with leave to move the court to set the same aside."

In due course plaintiff filed a motion to set aside the nonsuit, which motion was overruled, and plaintiff thereupon prosecuted his appeal to this court.

Learned counsel for plaintiff, appellant here, in their original brief, discuss at some length the evidence adduced by plaintiff, in support of the argument that the evidence was such as to establish a prima-facie case for plaintiff; and it is contended that the trial court erred in forcing plaintiff to a nonsuit.

But respondent insists (1) that there was a finding and pronouncement of judgment below, prior to plaintiff's attempt to take a nonsuit, and that the so-called nonsuit is a nullity, or (2) if there was in fact a nonsuit it was a voluntary one and for this reason the court did not err in refusing to set it aside. To the argument thus advanced by respondent appellant takes issue in his reply brief.

It is unnecessary to set forth in detail the arguments advanced by cousel, *pro* and *con*, regarding the effect to be given to the recitals of the record before us. The record indeed presents an anomalous situation. As shown above, there is the recital of date September 29, 1917, that the cause was *taken as submitted* on the testimony theretofore offered, and that certain further proceedings were had. It is argued for appellant that the use of the words ''taken as submitted'' in that connection should not be taken to mean that there was a final submission of the cause at that time, but to mean merely that the court took into consideration the testimony already introduced without requiring its reintroduction. But be this as it may, we regard it as quiet clear that the subsequent recitals in the bill of exceptions as to the proceedings had on said September 29, 1917, show that there was in fact a submission of the whole case to the court sitting as a jury. It is stated that ''there being no further testimony the court announced that in his opinion, upon the plaintiff's case, there was not sufficient *credible* testimony to justify a finding for the plaintiff, or to justify the court in requiring defendant to make any showing'' and that ''judgment would be for the defendant.'' (Italics ours)

While, in making this announcement, the court referred to ''plaintiff's case'' and to the matter of ''requiring defendant to make any showing,'' such expressions were doubtless used merely because the court had in mind the fact that the defendant had offered no testimony. In any event they are not controlling upon the question before us. It is evident that each party had closed his case, just as each party did when the case was previously submitted on May 9, 1917, defendant offering no evidence on either occasion. We see no escape from the conclusion that there was in fact a final submission of the case and that the court's announcement constituted a finding on the facts for the defendant, together with a pronouncement of judg-

ment for the defendant. That it constituted a finding on the facts appears from the fact that the court held that there was not sufficient *credible* testimony to justify a finding for plaintiff. For it thus appears that the court was not passing upon the legal sufficiency of the evidence adduced to establish a prima-facie case, as upon a ruling on a demurrer to the evidence, but that the court, as the trier of the facts, passed upon the credibility of the witnesses, and determined that the credible testimony was insufficient to warrant a finding for the plaintiff. And the announcement that judgment would be for the defendant was obviously intended to be a pronouncement of the court's judg- ment. It is true that no formal judgment was ever entered of record; but this in no wise affects the question as to the time for taking a nonsuit. That the plaintiff understood at the time that the court was pronouncing judgment appears from the further recital in the record as follows: "To which judgment of the court and the rendition thereof the plaintiff then and there objected and duly excepted."

Indeed, it matters not whether or not there was a judgment rendered, or a pronouncement of judgment, if the record shows that there was a submission of the whole case to the court sitting as a jury. Section 1980, Revised Statutes 1909, provide that "the plaintiff shall be allowed to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterwards." And under the provisions of this statute it has been frequently ruled by our courts that a nonsuit cannot be taken after final submission of the case. [See Lawyers Co-operative Publishing Co. v. Gordon, 173 Mo. 139, 73 S. W. 155; Stauffer v. Stauffer, 200 Mo. App. 477, 207 S. W. 240; Thompson et al. v. Wendling, No. 15582, recently decided by this court but not as yet published.]

In Lawyer's Co-operative Pub. Co. v. Gordon, supra, at the close of plaintiff's evidence, the defendant filed a demurrer to the evidence, which was then not at the time disposed of, and at the close of the entire case the court took the cause "under advisement on the demurrer and evidence," and thereafter announced its "finding and verdict" for the defendant. It was held by the Supreme Court that since the case was finally submitted, so that the trial court was possessed of the whole case, and the application for leave to take a nonsuit was not made until after the trial court had announced its finding, it was too late to grant a nonsuit.

In the case before us no instruction or declaration, in the nature of a demurrer to the evidence was interposed. Nor were any declarations of law of any character offered by either party. The record makes it clear, we think, that the case was submitted to the court as a trier of the facts, and that the court announced its conclusions upon the facts together with its pronouncement of judgment for the defendant. At that stage of the proceedings it was too late for plaintiff to take a nonsuit, and the court was without authority to grant the same.

Defendant did not except to the action of the court in granting the nonsuit, so far as the record discloses, nor did defendant move to set it aside. However, as shown above, plaintiff moved to set the nonsuit aside. In his said motion plaintiff did not pray that a new trial be granted him, though this was obviously the end sought. When this motion came on to be heard, the court should have sustained it, not for the reasons set up therein, but because the court erred and exceeded its lawful authority in granting the nonsuit.

The judgment below should consequently be reversed and the cause remanded, with directions to the circuit court to set aside the order granting the nonsuit, and to enter formal judgment for the defendant

in accordance with the finding and pronouncement of the court of date September 29, 1917. It is so ordered. *Reynolds, P. J.,* and *Becker, J.,* concur.