WILLIAM H. SCHEER, Appellant, v. ORPHRED H. BROOKS, JR.—65 S. W. (2d) 107.

Division One, October 19, 1933.

*Edward M. Ruddy* and *Henry Elias Haas* for appellant.

*Campbell Allison* and *Donald J. Madden* for respondent.

GANTT, J.—Action to recover a balance alleged to be due plaintiff from defendant under a written contract whereby plaintiff sold to defendant certain real estate. The court sustained a demurrer to the first amended petition on the ground that it did not state a case. Upon plaintiff refusing to further plead, judgment was entered for defendant. Plaintiff appealed.

In substance the petition alleged that on March 3, 1925, plaintiff was the owner of 160 acres of land in St. Louis County; that on said day plaintiff and defendant entered into a written agreement whereby plaintiff agreed to sell and defendant agreed to purchase said land for $60,000; that in said agreement it was provided that plaintiff should deliver a good and sufficient title to said land to defendant or to such other person as defendant may designate; that defendant paid to plaintiff on said purchase price certain deeds of trust and cash amounting to $5000; that plaintiff conveyed said land to Edward T. McGrath on the direction of defendant; that thereafter defendant caused grantee McGrath to execute a deed of trust on the land to secure the payment of the balance of the purchase which was evidenced by certain notes signed by McGrath, one for $55,000 and certain interest notes; that defendant delivered said notes and deed of trust to plaintiff in his endeavor to meet the remainder of the purchase price of said land; that plaintiff accepted said notes and deed of trust only as conditional payment; that the consideration for the written contract of sale and purchase of the land was the only consideration for said notes and deed of trust; that on default in the payment of the first two interest notes and default in the performance of terms and conditions set forth in the deed of trust, the land was sold under the deed of trust for $50,000; that the cost of foreclosure was $324.50; that the amount due plaintiff on the transaction for principal and interest was $58,850; that defendant is entitled to a credit of $49,675.50; that $9,174.50 remains due and unpaid; that defendant refused payment and that plaintiff offers to return the principal and interest notes to defendant and McGrath and prays judgment for $9,174.50.

It will be noted that plaintiff accepted certain deeds of trust on other land and cash as a payment of $5,000 on the purchase price of said land. Those deeds of trust are not involved in this proceeding. However, it is alleged that he did not accept the $55,000 note and interest notes secured by a deed of trust on 160 acres of land as payment.

It is well settled that the acceptance of a note of either a debtor or third person does not constitute payment of a contemporaneous or preexisting debt, unless so expressly agreed. As to whether or not it was so agreed, is a question for the jury. [21 R. C. L., pp. 58, 70, 72; 48 C. J. 622, sec. 58; 22 Am. & Eng. Ency!. of Law (2 Ed.) 555; Appleton v. Kennon, 19 Mo. 637; Wooldridge v. Hopkins, 220 Mo. App. 1034, 1041, 278 S. W. 1081; Chorn v. Zollinger, 143 Mo. App. 191, 195, 128 S. W. 213; Union Biscuit Co. v. Springfield Grocer Co., 143 Mo. App. 300, 306, 126 S. W. 996; Commiskey v. McPike, 20 Mo. App. 82; Shotwell v. Munroe, 42 Mo. App. 669.]

Furthermore, the execution and delivery of a mortgage or deed of trust to secure the payment of a note does not render the note operative as payment, unless it was so agreed. The giving of security for payment is a mere incident and does not change the rule. [22 Am. & Eng. Ency. of Law (2 Ed.) 558; Cowgill v. Robberson, 75 Mo. App. 412; Reynolds v. Schade, 131 Mo. App. 1, 109 S. W. 629; Morton Electric Co. v. Schramm, 277 S. W. 368; Lipscomb v. Talbott, 243 Mo. 1, 1. c. 31, 32, 147 S. W. 798, 806; McMillan v. Richards, 70 Am. Dec. 655, 675; Blunt v. Walker, 78 Am. Dec. 709, 714, 718; Rayburn v. Day, 27 Ill. 46; Brown v. Dunckel, 46 Mich. 29; Chamberlain Banking House v. Woolsey, 60 Neb. 516.]

Furthermore, it also is well settled that on default in the payment of a note accepted as conditional payment, the creditor may tender the note into court for cancellation and sue upon the original transaction. [Holland v. Rongey, 168 Mo. 16, 67 S. W. 568; McMurray v. Taylor, 30 Mo. 263; Bertiaux v. Dillon, 20 Mo. App. 603; Schepflin v. Dessar, 20 Mo. App. 569; Bank v. Peterman, 21 Mo. App. 512; O'Bryan v. Jones, 38 Mo. App. 90, 94.]

Defendant does not challenge the above statements of the rule. He merely cites Sporing v. Dittmeier, 213 S. W. 176, and Mesker v. Harper R. E. & Inv. Co., 221 S. W. 407, as sustaining the ruling of the trial court on the demurrer.

In the Sporing case it is expressly stated in the opinion that the vendor agreed to accept a deed of trust on the land, executed by a "straw man," as part payment on the purchase price of said land. Of course, if a vendor makes such an agreement, that would be the end of the matter. Under such an agreement any number of "straw men" could be connected with the transaction.

In the Mesker case, 221 S. W. 407, the petition is neither set forth nor summarized. It does not appear that the action was not by a vendor against a vendee on an original contract to recover the amount due on a debt.

The cases cited by defendant do not sustain the ruling of the trial court on the demurrer to the petition. It states a case, and the judgment should be reversed and the cause remanded. It is so ordered. All concur.