CONNERSVILLE CASKET COMPANY, Inc., a Corporation, and Franklin Manufacturing Corporation, a Corporation d/b/a Connersville-Franklin Casket Company, Plaintiffs-Respondents,

v.

A. C. GIST, Jr., George B. Scott, Jr., and J. E. Strickland, Defendants-Appellants.

No. 30927.

St. Louis Court of Appeals.

Missouri.

March 20, 1962.

Kearby & Calvin, Byron Kearby, Edward E. Calvin, Poplar Bluff, for defendants-appellants.

Powell & Jones, Clarence A. Powell, John W. Ringer, Dexter, for plaintiffs-respondents.

DOERNER, Commissioner.

This is an action on a note, which was tried before the court without a jury. Judgment below was in favor of plaintiffs for $11,528.31, together with interest thereon from the date of judgment, and in due course the defendants appealed.

The petition is in conventional form, and declared on a promissory note for $9,408.80, dated January 21, 1959, for value received, payable to the order of Connersville-Franklin Casket Company 90 days after date, with interest from date at the rate of 6% per annum, containing a provision for an attorney's collection fee. In their joint answer defendants admitted that they executed the note, and pleaded lack of consideration. Upon trial evidence was introduced that plaintiffs are "practically mutually identical" corporations, engaged in the manufacture and sale of caskets, doing business under the name of Connersville-Franklin Casket Company; that prior to January 1, 1959, plaintiffs had sold merchandise to the Popular Supply Company, a corporation; and that as of that date the latter company owed plaintiffs the sum of $9,908.80 on an account defendants conceded had been owed for several months. Defendants Gist and Scott were the president and secretary-treasurer, respectively, of the Popular Supply Company, defendant Strickland was the manager, and the three of them comprised all of the stockholders of that corporation. It further appeared that on January 21, 1959, one Fisk, a salesman for plaintiffs, conferred with defendants regarding the account owed by Popular Supply Company. On direct examination Dr. Gist testified that Fisk said he wanted the note to give to his company because " * * * it looked better on the books, it would be better if he had some paper to show." However, on cross-examination, Dr. Gist testified:

"Q. Now, at that time Mr. Fisk told you that he either wanted the money or he wanted the caskets or he wanted a note, is that right?

"A. I don't remember his exact words.

"Q. He was wanting some action wasn't he?

"A. Yes, sir.

"Q. Did he tell you that you could have a little time if you gave the note?

"A. I think he did.

"Q. That's what you fellows were wanting at that time, weren't you, Doctor, you were wanting some time in which to pay them, weren't you?

"A. Yes.

"Q. And this note shows, I believe, ninety days time was given, is that right?

"A. I think so.

"Q. And, now, at that time your company was still a going concern, wasn't it, Doctor?

"A. Yes, sir."

The upshot of the meeting was that Scott as treasurer gave Fisk a check of Popular Supply Company for $500 to apply on its account, and defendants executed the note in suit for $9,408.80, the balance due on the account. Popular Supply Company ceased to operate in 1960, and became insolvent. Plaintiffs conceded that at the time they executed the note defendants did not individually owe the plaintiffs anything, and their evidence was that upon receipt of defendants' note they did not mark the account of the Popular Supply Company on their books as paid, but made a notation thereon that they had the notes. The evidence also showed that on June 17, 1960, defendant Scott gave plaintiffs his personal check for $100 and that defendants were given credit for that amount on the note.

In their answer defendants admitted that they had executed the note. Since the instrument was negotiable in form it must be deemed prima facie to have been issued for a valuable consideration. Section 401.-

024 RSMo 1959, V.A.M.S. Cox v. Sloan, 158 Mo. 411, 57 S.W. 1052. To overcome this it was necessary for the defendants, as they did, to affirmatively plead want of consideration, and the burden of proof rested upon them to establish their affirmative defense. Cox v. Sloan, supra; Hess v. Hessel, Mo.App., 102 S.W.2d 729; North Side Finance Co. v. Sparr, Mo.App., 78 S.W.2d 892. They contend on appeal that they sustained their burden, and that the court erred in rendering judgment against them, because the evidence showed that when plaintiffs received the defendants' note plaintiffs did not extinguish on their books of account the pre-existing debt of Popular Supply Company; and that since the debt of that corporation was not extinguished, the note given by defendants, stockholders of the company, was not based on any consideration.

██ There can be no dispute about defendants' first point. Under the authorities in this state it is well settled that the acceptance of a note of either a debtor or a third person does not constitute payment of a contemporaneous or pre-existing debt, unless there is an express agreement to that effect between the parties to the transaction. Scheer v. Brooks, 333 Mo. 1201, 65 S.W.2d 107; Mutual Life of Illinois v. McKinnis, Mo.App., 15 S.W.2d 935.

As to their second point defendants rely heavily on Glassbrenner v. Morgan, Mo. App., 296 S.W. 201. In that case the defendant Morgan purchased stock in a corporation from Glassbrenner and paid for it in full. Glassbrenner had previously loaned $1,000 to the corporation, which was only evidenced by an entry on the company's books. Subsequent to the sale of stock Glassbrenner proposed that Morgan give him his personal note for the amount of the indebtedness, which Morgan did, notwithstanding the fact that Glassbrenner gave no release relinquishing his claim against the company. The only consideration claimed was the indebtedness of the company to Glassbrenner, and the author

of the opinion took pains to point out (296 S.W. 202) that " * * * the record does not disclose any agreement for forbearance on the part of plaintiff, nor does it appear that the indebtedness of the company to plaintiff was extinguished by the giving by defendant of the note in question. In fact, the only alleged consideration shown was the bare fact of the indebtedness of the company to plaintiff, from which it follows that the note was nudum pactum and void, inasmuch as a stockholder in a corporation, as defendant had become, is not thereby obligated to pay its debt, and a note given by him therefor is without consideration *in the absence of discharge, forbearance, or other new consideration,* none of which elements appear in the case at bar. * * *" (Emphasis supplied.) As was stated by the same author in the later case of Minnesota Mutual Life Insurance Co. v. Manthei, Mo. App., 189 S.W.2d 144, all that was held in the Glassbrenner case was that the only consideration claimed, extinguishment of the corporation's debt, had not been proven.

██ But as indicated in the Glassbrenner case, the extinguishment of a corporation's debt is not the only consideration which will support a note given by a stockholder to the corporation's creditor. An agreement of a creditor to forbear or to give a debtor an extension of time within which to pay the debt is a valuable consideration for the note of a third person to the creditor. It was stated many years ago in Cox v. Sloan, 158 Mo. 411, 425, 57 S.W. 1052, 1055, in quoting approvingly from Daniel on Negotiable Instruments: " * * * 'There is no doubt that a debt due from a third person, as a debt from A. to B., is a good consideration for a note as from D. to B., provided there were an express agreement for delay, or an implied agreement which would arise if the debt were then due, and the note were made payable at a future day.' This doctrine applies with full force to the facts of this case." This principle, that an extension of time to the debtor is a valid consideration for the note of a third party, has been recognized in Rubinic v. Sabados,

Mo.App , 264 S.W.2d 935; Hess v. Hessel, Mo.App., 102 S.W.2d 729; North Side Finance Co. v. Sparr, Mo.App., 78 S.W.2d 892; First National Bank of Campbell v. Bristol, Mo.App., 35 S.W.2d 999; Mutual Life of Illinois v. McKinnis, supra; Babel v. Ransdell, Mo.App., 294 S.W. 734; Citizens' Bank of Pomona v. Oaks, 184 Mo.App. 598, 170 S.W. 679. And it has been held applicable where a note was signed by a stockholder to obtain an extension of time granted to the corporation within which to pay its debt. Globe Indemnity Co. v. McDowell, Mo.App., 159 S.W.2d 822.

■ In their brief defendants argue that there was no evidence that an extension of time was granted. They emphasize the testimony of Dr. Gist on direct examination that Fisk said he wanted the note because it would look better on the plaintiffs' books if it had some paper to show, and point to a letter sent to Popular Supply Company by a clerk in the credit department of one of the plaintiffs, which was dated March 23, 1959. The substance of the letter was a complaint that the Popular Supply Company had not replied to the plaintiff's letters regarding its past due account. There is nothing in the evidence to indicate that plaintiffs ever took any other steps prior to the maturity of the note to collect the indebtedness owed by Popular Supply Company. Defendants seek to ignore or minimize the testimony of Dr. Gist on cross-examination that at the time the note was executed plaintiffs were "wanting some action" on the over-due account of Popular Supply Company, that defendants, who were all of the stockholders of that corporation, desired additional time in which to pay that company's account, and that Fisk told defendants they could have an extension of time in which to pay the indebtedness if they gave the note. By its terms the note was due in ninety days. This evidence clearly established that the consideration for the note executed by defendants was the extension of time granted by plaintiffs for the payment of the indebtedness of Popular Supply Company, and as

the cases cited hold, this was a valid and valuable consideration.

The judgment should be affirmed. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court. Judgment is affirmed.

RUDDY, Acting P. J., WOLFE, J., and SAM C. BLAIR, Special Judge, concur.