GRANBY MINING AND SMELTING COMPANY, Appellant, v. DAVIS.

### Division Two, May 21, 1900.

1. **Judgment on the Pleadings: WAIVER.** Unless plaintiff moves for judgment on the pleadings before he introduces any evidence, he will not in the appellate court be heard to ask for such judgment. Nor is he entitled to such judgment, if in conflict with a written stipulation of the issues made at the trial.

2. **Written Stipulation May Narrow Issue.** The issue may be narrowed by a written stipulation or agreement in open court, which confines the issue to one point, and when so narrowed the plaintiff will not be heard to press for a construction of the pleadings in conflict with such stipulation.

3. ————: AMENDING PLEADINGS. It is proper to amend the answer by striking out a part thereof, in order to make it harmonize with a written stipulation made by the parties as to the issues involved, and in aid of the verdict.

4. Ejectment: DISTANCES: MONUMENTS. Where a surveyor testified that he often found discrepancies and differences as to distances, in the survey made by himself and that of the United States surveyor, it was proper to instruct the jury that a fixed government corner must prevail over distances in the ascertainment of the true line between the east and west half of the section.

5. ————: CENTER OF SECTION: SUBDIVISION LINES AND CORNERS. The center of a section, as fixed by a disinterested county surveyor, in making the subdivisions of the sections as the statute of the State directs, is the true and legal center corner of the section, in the absence of proof that such surveyor violated the statute in his method of making the intersections.

Appeal from Newton Circuit Court.—*Hon. J. C. Lamson,* Judge.

AFFIRMED.

*John T. Sturgis* for appellant.

(1) Defendant's answer admitted his possession of the land sued for and the case was tried on this answer. The plaintiff proved its title to the land and asked the court to instruct the jury to find for plaintiff. The court refused to do this and the jury returned a verdict for defendant. Plaintiff filed its motion for new trial and on the hearing of this motion, some two weeks after the trial, the court permitted defendant to file an amended answer denying his possession. This court in Harrison's Adm'r v. Hastings, 28 Mo. 346, made this ruling: "A defendant will not be permitted at the trial of a cause to amend by denying facts admitted in his answer." This decision has never been overruled but, on the contrary, in Clark v. Railroad, 127 Mo. 270, the court adhered to this ruling, and said: "Moreover, to have permitted the amendment would have been to permit defendant to amend by denying material facts admitted in its answer—that is, that plaintiff was entitled to judgment for part of the ground sued for, while if the amendment had been permitted the answer would have stood upon the general denial of possession, and would have substantially

changed the defense, which is not permissible." Richardson v. Ins. Co., 68 Mo. App. 585.

*George Hubbert* for respondent.

There was no request by appellant for a judgment on the pleadings, evidence or admissions, until after the court had given, at plaintiff's instance, instructions (numbered 2 and 3) submitting the question of possession to the jury. The agreement of record, as construed and acted on at the time, limits, directs and controls the issues. The only question to be tried under that stipulation, and the only issue that was really tried, was whether defendant was over on a part or strip of appellant's 40 as described in the petition, or only on his own land. Both parties claimed the same strip. But to which 40 did it belong? was the question or issue, as practically agreed and submitted to court and jury. To permit appellant to evade the result of the trial would be to permit him to evade the force of his own solemn acts in the face of a court of justice. It is perfectly competent for the parties to submit issues to the court, or by stipulation direct or narrow the issues to the real point of controversy between them; and such course should be encouraged. Fahy v. Gordon, 133 Mo. 414; Ittner v. Hughes, 133 Mo. 679; Adler v. Wagner, 47 Mo. App. 25; Carr v. Moss, 87 Mo. 447; Ensworth v. Barton, 67 Mo. 622; Waverly v. St. Louis Co., 112 Mo. 383.

GANTT, P. J.—This is an action of ejectment for a tract of land in Newton county described by metes and bounds as follows, to-wit: "Being a tract of land one and one-half feet wide at the north end and two and one-quarter feet wide at the south end, off of the west side of the northwest quarter of the southeast quarter of section 12, township 25, range 31."

The original answer is in these words: "Defendant for answer denies each and every allegation in the plaintiff's petition, except he admits that he is and long has been in possession."

The cause was tried by the court and jury at the December term, 1896.

Plaintiff was proceeding to put in its evidence of title when defendant's counsel suggested that they could save much time, and thereupon they mutually stipulated of record as follows: "It is admitted that the Granby Mining & Smelting Company is the owner of the northwest quarter of the southeast quarter of section 12, township 25, range 31, and that John B. Davis is the owner of the northeast quarter of the southwest quarter of section 12, township 25, range 31, both claiming under the same railroad grant from the United States by mesne conveyances, and each party has been occupying the respective tracts for a great many years, each supposing that he occupied to the true division line."

Plaintiff then offered evidence to the effect that sometime in July, 1896, Mr. Davis, the defendant, stated to Mr. Kingston, the superintendent of the plaintiff company, that the deputy county surveyor (McKee) had stated that the stone which marked the boundary line between the two tracks was 17 1-2 feet too far west, and proposed to have the line surveyed. To this both sides assented and thereupon the county surveyor (Patterson) was employed to locate the line and he made his survey and each paid one-half of the costs.

There was much evidence tending to establish that the half mile corner on the south line of section 12 had been fixed by the United States surveyors in the original survey of this State. This corner was marked by a flint stone 5 inches thick, 16 inches long and 13 1-2 inches wide. The new survey by Patterson indicated that this stone was three feet east of the center of said south line, measuring from east to west.

These surveys furnished the foundation for this litigation.

The accompanying plat will show the result of the surveys and the claims of each. The establishment of the half-mile corner was the fact to be tried. The jury by their verdict found there was an original corner fixed by the surveyors of the United States government, and as defendant was not in possession of any of the northwest quarter of the southeast quarter of section 12, township 25, range 31, if the said flint rock was an original corner, the verdict was for defendant which plaintiff now seeks to reverse.

I.    The first contention of plaintiff is far reaching.

It ignores the evidence, the instructions and verdict, and insists that a judgment should have been directed in its behalf on the pleadings.

This claim is bottomed upon the peculiar wording of the answer. As above indicated it was a general denial, but containing these words also, "Except that he admits that he is and long has been in possession."·

As we understand plaintiff, its proposition is that these words are an unequivocal admission by defendant that it is in possession of plaintiff's land sued for; that it is even an admission that plaintiff is right in asserting that the small wedge-shaped tract sued for is a part of the northwest quarter of the southeast quarter of section 12. We can not countenance this claim, as it is contradictory of plaintiff's conduct of this case in the circuit court. It did not so construe the answer. It did not move for judgment on the pleadings before it introduced its evidence. But more than that by the stipulation entered into, even if plaintiff is technically correct as to the meaning of the answer, the issue was by mutual consent modified and limited to a determination of the true line between the respective lands of plaintiff and defendant.

DIAGRAM. "EXHIBIT B."

If this strip sued for was part of plaintiff's forty acres it should recover, but if the true line left it in defendant's forty then plaintiff could not recover.

By its instructions numbered 2 and 3, asked and received by it, it submitted this question to the jury. Had the court given its instruction 9 wherein for the first time it asserted that under the pleadings it must recover, it would have overturned the solemn stipulation of the parties. The court properly refused to give the instruction 9. It was entirely competent for the parties to narrow the issue between them by stipulation and this we hold they did. [Fahy v. Gordon, 133 Mo. 414; Ittner v. Hughes, 133 Mo. 679; Sutter v. Streit, 21 Mo. loc. cit. 160.]

It is, however, urged by plaintiff that the court erred in permitting defendant after verdict to strike out the words "except he admits that he is and long has been in possession." This was simply amending the pleadings to conform to the case as modified by the parties themselves. It was an amendment in aid of the verdict of the jury and to sustain the judgment thereon.

But we are far from agreeing with plaintiff as to the significance of those words as they stood in the answer. We think it is obvious that they are a part of an unfinished sentence. Certainly they do not admit that defendant had been for a long time in possession of any portion of plaintiff's land.

In the light of the conduct and stipulation of both parties and of the court we think that it was the obvious intention of defendant to plead that he was in possession of his own forty acres and the land sued for was a part of defendant's forty acres. No other explanation is consistent with the acts of the parties during and at the trial.

The instructions given and refused are criticised by plaintiff.

For the defendant the court gave the following instruction numbered 4: "In determining the true line in question the jury must give effect to the location of the corners as originally and first fixed by the public government surveyor, and in order to determine the correctness of any corner in question, it is competent for the jury to consider the testimony of witnesses as to facts within their observation and knowledge; but calls in the field notes and surveys for fixed stones or witness trees by which the original corners were designated by the surveyor must prevail over calls for distances, if the two be inconsistent." Learned counsel for plaintiff concedes that this is in accord with the long established law of this State (Mayor of Liberty v. Burns, 114 Mo. 426), but says there were no calls for distances inconsistent with the calls for fixed stones.

The instruction was not only correct but in view of Mr. Patterson's evidence was very necessary to guide the jury. This witness testified that he often found discrepancies and differences arising from errors and poor surveys. That his measurement from the southwest corner to the half mile corner was 2624.7 feet. His measurement was 17 feet 6 inches more than the government plat shows. In a word it was eminently proper for the jury to understand that they were not to take Mr. Patterson's measurement or the distances called for against a fixed corner.

Defendant's fifth instruction is also challenged.

That instruction is as follows:

"5. The quarter section corner on the south side of section 12, as located and called for by the government field notes, map, and survey in evidence, must be taken as having been unalterably fixed before the surveys made by Patterson and he had no power to change it or make it agree with new measurements; and the only authority or power he had or could lawfully exercise was in the way of attempting to find the true original location of the line and corners in ques-

tion; and if the result of his efforts were different from the results of a previous survey or location, neither party is bound thereby, but both are free to show the truth in this case; and the burden is upon plaintiff to prove by the greater weight of the evidence that defendant occupies land over the true line on the east, for if the weight of the evidence be equal the verdict must be for defendant." But for this objection it would never have occurred to us that the circuit court referred to any survey save the original survey made by the United States surveyor which was in evidence, certified from the plat books and field notes. The instruction is not obnoxious to the criticism of counsel.

The eighth instruction merely directed the jury that if they found that Hearrell, the former county surveyor, had found and fixed the center of the section as the statute of this State directs, the point of intersection found by him was the true and legal center corner of the section. Certainly this is the law. It is of the utmost importance that a corner thus fixed by law and as to which there is no suggestion of dereliction of duty in its establishment should remain a permanent corner.

The ninth instruction merely told the jury that defendant might lawfully request to have the re-survey made by Patterson without estopping himself from insisting on the original corners if dissatisfied with the re-survey. Certainly it needs no argument to reinforce this proposition. There was no error in refusing to modify it by making an adverse comment on his testimony. The jury could and doubtless did weigh his evidence without assistance from the court.

There was no error in refusing plaintiff's eleventh, twelfth and thirteenth instructions. They were objectionable in that they invited the jury to regard or disregard the surveys of public officials without furnishing any guide for their own action in so doing. The surveys of the lands of this State were made in the first place by the surveyors of

the United States. The corners and monuments fixed by them are binding upon juries and courts alike. The subdivision of sections is provided by our statutes and where this has been done by county surveyors and interior corners fixed, these also are binding in the absence of proof that such officers have violated the law in their methods. These instructions left these important matters to be disturbed and overturned at the caprice of the jury without laying down the rules by which they were to be governed in ascertaining whether the prior surveys had been correctly made or not.

The plaintiff received all the instructions to which it was entitled. No error was committed in those for defendant, and the jury have by their verdict established that the quarter section is just where it was recognized as being for a quarter of a century, and it must remain as thus fixed.

The judgment is affirmed. *Sherwood* and *Burgess*, *JJ.*, concur.