FRED W. STEVENS, Respondent, v. KNIGHTS OF THE MODERN MACCABEES, Appellant.

St. Louis Court of Appeals, Argued and Submitted November 10, 1910. Opinion Filed November 29, 1910.

1. APPELLATE PRACTICE: Overruling Motion for New Trial: Sufficiency of Exception. In order to permit a review on appeal of matters of exception, it is not necessary that there be both objection and exception to the action of the court in overruling the motion for a new trial, but it is sufficient if an exception to such action be duly saved, since such exception includes objection.

2. ————: Exceptions to Instructions: Necessity of Objections. The appellate court will not inquire into the correctness of an instruction given by the trial court of its own motion, in lieu of all instructions asked by the adverse party, unless the party complaining of the instruction objected to the giving of it before it was given, an exception to the instruction after it was given, without such objection, not being sufficient.

3. **CONTRACTS: Employment: Fraternal Beneficiary Association: Authority of Officer: Ratification.** Where one employed by a fraternal order as organizer did not know of any want of authority on the part of the officer making the contract to make the duration of the contract extend beyond a designated date, and, in reliance on the terms of the contract, continued to perform the services after the designated date, and the governing body in charge of the affairs of the order either actually knew of the existence of the contract or had access to it as a part of the records of the order, and knew that the employee was performing the services in reliance on the contract, the order ratified the act of its officer in executing the contract, thereby entitling the employee to recover for the services rendered after the designated date.

4. **APPELLATE PRACTICE: Admission of Evidence: Sufficiency of Objection.** An objection to a question propounded, that it is immaterial, is not specific enough to challenge the ruling of the court admitting the evidence.

5. **CORPORATIONS: Contracts: Failure to Affix Seal.** That the seal of a corporation was not affixed to a contract made by it is not in itself fatal to the contract.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*Frank E. Jones, Wm. H.* and *Davis Biggs* for appellant.

*Earl M. Pirkey* for respondent.

(1) When a motion for a new trial is overruled, the losing party must both object and except if he desires the action on the motion reviewed, and unless he both objects and excepts the action of the trial court will not be reviewed. Williams v. City of St. Joseph, 118 S. W. 1180. (2) Unless an instruction is objected to when offered, the action of the trial court in giving it will not be reviewed. Excepting to the action of the court is insufficient to secure a review of the action of the trial court. Sheets v. Insurance Co., 226 Mo. 617;

State v. Miles, 199 Mo. 559; Carlisle v. The Keokuk and Packet Line Company, 82 Mo. 43; Gordon v. Gordon, 13 Mo. 215. (3) An objection to evidence that it is immaterial is no objection in law and will not be considered on appeal. State v. McKenzie, 128 S. W. 948. (4) Where an unauthorized act of an agent of a corporation is clearly beneficial to the corporation, a presumption of ratification will arise from very slight circumstances. Bank v. Bank, 107 Mo. 145; Bank v. Hughlett, 84 Mo. App. 273.

REYNOLDS, P. J.—Plaintiff brought this action against the defendant to recover salary claimed to be due and traveling expenses incurred under a contract said to have been entered into between him and the defendant order, of date February 8, 1907, and also under a second or separate count of the petition, for a like amount on account of the value of the same services rendered and expenses incurred, alleging them to have been of the reasonable value claimed. It is not necessary to notice this second count as plaintiff abandoned it and the recovery was had on the first count, based on the special contract. The reply was a general denial.

At a trial before the court and jury, among other testimony introduced was what was claimed to be the contract by which, in consideration of the services of plaintiff as general organizer of the order, he was to receive salary at the rate of $2500 per annum, in monthly installments, together with all railroad fare, hotel bills and other legitimate expenses incurred when away from his place of residence on business connected with the order. It was further agreed in the contract, that it should take effect and be in force from and after the first day of January, 1907, up to January, 1908, "and unless otherwise ordered before the latter date up to and including the time of the meeting of the Great Camp, Knights of the Modern Maccabees, on the

second Wednesday of June, in the year 1908, unless same shall be terminated at an earlier date by common consent of both parties to this agreement." The contract was signed by the great commander of defendant order and by plaintiff. The attestation clause reads: "In wit-. ness whereof, we have hereto affixed our hands and seals this 8th day of February, 1907," but no seals, corporate or private appear. The signature, "A. M. Slay, Gt. R. K.," appears under the word "Witness," below and to the left of the signatures of the great commander of the order and that of plaintiff, and below this is the word, "Witness," and the signature, "Adah Armitage." Mr. Slay, it appears, was at the time the great record keeper or secretary of the order and Miss Armitage was then a stenographer in the office of the secretary.

The first count of the petition, on which the case was tried, is for the salary and traveling expenses claimed to be due under that part of the contract which is quoted, that is, for services for the months of February, March, April and May, and the first twelve days of June, 1908, the salary for January, 1908, it appears, having been paid. After testimony on the part of plaintiff to the effect that the great commander or chief executive officer of the order had entered into this contract with him and that subsequently, some time in February, 1908, there had been some steps taken by the executive committee of the order, looking to its rescission but that at the request and by direction of the great commander or president of the order, plaintiff had continued in its service down to the middle of June, 1908, denying the authority of the executive board to terminate the contract, defendant introduced evidence tending to prove lack of authority in the president to execute the contract and also of the termination of the contract February 6, 1908, by the executive committee, a resolution of discharge by that body on that date of plaintiff from his further service for the order being in evidence.

At the close of plaintiff's case in chief, defendant demurred to it. The demurrer was overruled, defendant excepting but afterwards going on with its testimony. There were a number of objections made to the admission and exclusion of testimony in the progress of the trial but as to most of the material testimony that was objected to, so far as the abstract of the record shows, the objection was on the ground of immateriality, and most of the exceptions that were saved on part of the defendant to the adverse rulings of the court were exceptions to overruling of objections for immateriality. This does not apply to the objection to the receipt of the contract in evidence. That was objected to "because it purports on its face to be in pursuance of a resolution of the executive committee, and it is not shown what that resolution is; further, on the ground that no authority is shown in the great commander of this order, to execute such a contract and bind the order, and because it is not executed under seal of the defendant corporation, as is required as to all contracts." The court overruled the objection, defendant at the time duly excepting.

At the conclusion of the evidence the plaintiff asked instructions which the court declined to give but of its own motion gave one which covers the case as fully as necessary to give an intelligent idea of what was involved in it as well as of the facts. The entry concerning this instruction, as appears by the abstract prepared by defendant's counsel, reads thus: "Whereupon the plaintiff prayed the court to give the jury certain instructions, which instructions the court refused to give, and of its own motion gave the following instructions to the jury." The instruction follows: In substance, the first part of it told the jury that if they found from the evidence that the written contract, dated February 8, 1907, was signed in behalf of the defendant by its great commander or chief executive officer and witnessed by its great record keeper or secretary and by them delivered to and signed by plaintiff; that a duplicate copy

of it was at or about the same time delivered to the great commander of the defendant and by him placed and kept among the records and office documents of defendant, and if they found from the evidence that the great commander had, with the knowledge and consent of the managing committee or body of the defendant, entered into other similar contracts of employment with plaintiff, and if they found from the evidence that the plaintiff, at the time of signing or receiving the written contract, was not informed and did not know of any want of authority on the part of the great commander to make the duration of the contract of employment extend beyond the 31st of December, 1907, provided the jury found that there was such want of authority, and if they further found that plaintiff, in reliance upon the terms of the contract, continued to perform such services for the defendant as were called for by the contract after the 31st of December, 1907, and that the governing body in charge of defendant's affairs, namely, its executive committee, either actually then knew of the existance of the contract or had access to the same as part of the records of the defendant, and knew that plaintiff was performing the services in reliance upon the contract, then the jury may form such facts, if they find them to be facts, conclude that the defendant had ratified and accepted the act of its great commander in executing the contract sued on, and if the jury find such ratification and acceptance to have taken place, their verdict should be for the plaintiff at the rate of $208.33 a month for such time not later than June 12th as they may find plaintiff to have continued to render services to the defendant of the kind specified in the contract from and after February 1, 1908, and the jury were further authorized to find in favor of plaintiff for such an amount of railroad fare, hotel bills, etc., as they might find and believe from the evidence that during the continuance of the contract plaintiff had necessarily expended, not exceeding $21.78 (the amount stated in the first count

of the petition), and could allow interest on the total amount from the 13th of June, 1908, at the rate of five per cent.

In addition to this the court gave the usual instruction as to the number of jurors necessary to concur in the verdict. It should be said in passing that the interest rate was fixed at 5 per cent, as at the outset of the trial it was agreed by the parties that under the law of Michigan, where the contract was entered into, a debt after and as soon as it became due, would draw five per cent interest, whether a demand was made or not, until it is paid.

As shown by the abstract of the record in the case, after the court gave these two instructions, this appears: "To the giving of which instructions by the court as aforesaid, the defendant by its counsel then and there dully excepted."

At the instance of the defendant the court gave two instructions, one to the effect that under the resolution of February 7, 1907, which had been read in evidence, the great commander of the defendant order had no power or authority to enter into any contract for the services of plaintiff, extending beyond the 31st day of December, 1907, and that the resolution and action of the executive committee of the defendant order of February 6, 1908, was the termination of the services of the plaintiff under his employment, and plaintiff is not entitled to recover in this action for any services rendered after notice to him of the action of the executive committee, "unless the jury find and believe under the first instruction given you, that defendant ratified or accepted the contract of February 8, 1907, as made by its great commander." The defendant also asked several instructions to the effect that under the pleadings and all the evidence, plaintiff could not recover; that plaintiff, being employed in the office of the defendant order and having access to its records is charged with knowledge of the contents thereof and the fact that the reso-

lution of February 7, 1907, read in evidence, is referred to in the contract sued on is sufficient to impute to said Stevens the contents thereof. These were refused, defendant duly saving exceptions to their refusal.

The resolution of February 7, 1907, reads: "Resolved that the salary of the general organizer be and is hereby fixed at the sum of $2500 for the year ending December 31, 1907."

A verdict for the amount sued for was returned by the jury and in due time defendant filed a motion for new trial which was overruled, the defendant duly excepting. Afterwards and in due time defendant perfected an appeal to this court.

The learned counsel for the respondent contends that there is nothing before us but the record proper, for the reasons, as he claims, that it does not appear that the defendant had objected and excepted to the overruling of the motion for a new trial. In support of this contention he has furnished us with a certified copy of an opinion by the Kansas City Court of Appeals, in the case of Anna M. Williams v. City of St. Joseph, delivered by that court on May 3, 1909, wherein it is stated that "the defendant's motion for new trial was overruled and it acquiesced therein since it did not object and except. In such circumstances we cannot pass upon the matters of exception during the trial. And as there does not appear to be any error in the record proper, the judgment will be affirmed." We do not understand this decision of that learned court to go to the extent claimed by the counsel for respondent. It evidently means that there is to be objection or exception, not objection and exception. It does appear in this case that the motion for a new trial being overruled, defendant duly saved exceptions to that action. It is not apparent how it was possible for defendant to have objected or interposed an objection prior to the announcement of the conclusion of the court on the motion for a new trial; clearly it did all it could when

it excepted to the action of the court in overruling the motion for a new trial. That exception, it would seem, includes objection. We hold that objection was duly made and exception duly saved to the action of the court in overruling the motion for new trial and that the whole record is before us.

The further point is made that we cannot inquire into the correctness of the instruction given by the court of its own motion in lieu of all instructions asked by plaintiff, because of the failure of the defendant to object to the giving of this instruction in advance of the instruction being given, the record showing that no such objection had been interposed, but merely showing that after the instruction had been given defendant then excepted. This point appears to be well taken, on the authority of the decision of our Supreme Court in Sheets v. Ins. Co., 226 Mo. 613, 126 S. W. 413. In that case it is distinctly ruled that while appellant's exception to the action of the court in giving instructions was well saved, the record nowhere shows that counsel for appellant made any objection whatever to the proposed action of the court in giving it. Judge BURGESS, speaking for the court in that case, states it as an elementary proposition that before one can legally except to the action of the court in giving or refusing instructions, "he must first request the court to give same or object thereto, as the case may be, before his exceptions will be availing." That not appearing, that is, it not appearing that prior to the giving of it, objection had been made, the court held that the instruction could not be noticed. We confess not to have had this rule called to our attention before, as bearing on objections to instructions, but it is very plainly announced in this Sheets case, which is the last opinion by our Supreme Court on the subject, and it must control. No objection, therefore, appearing to have been made to this instruction before it was given, we must accept it as a correct de-

claration of the law and statement of the facts in issue in the case.   Independent of this, however, we see no error whatever in the instruction, and when taken in connection with the instructions given at the instances of the defendant, we think the trial court placed the case before the jury in the most favorable aspect to which the defendant was entitled.

We called attention in our statement of the proceedings at the trial, to the fact that most of the objections to which exception was saved by appellant, were that the evidence offered or attempted to be brought out by the question was immaterial.   It has long been ruled in our courts that the mere objection to a question, that it is immaterial, is not specific enough to challenge the ruling of the court on the question asked.   This is so even in criminal cases.   [State v. McKenzie, 228 Mo. 385, 128 S. W. 948, l. c. 951.] There were, however, specific objections made to the introduction of the contract in evidence, which we have noted.   We think they were properly overruled.   The fact that a corporate seal does not appear to the contract is not, in itself, fatal to the contract.   Apart from this, we have nothing before us calling for a decision as to the correctness of the ruling of the court on any of the really important questions asked and objected to.   In spite of the insufficiency of the objection, however, we have read this whole testimony and the record of the trial as set out in the abstract and find no error in the trial court in the admission or exclusion of testimony.   It is of no use to set out the evidence in detail, and most clearly it is not subject to the objection of the learned counsel for the appellant, that it utterly fails to make out the case for plaintiff.   The instruction given by the learned trial court of its own motion is supported by ample testimony justifying his in his statement of the facts in the case, as submitted to the jury, and under that instruction, even under the instructions asked at the instance of the de-

fendant, the jury were entirely warranted in arriving at the verdict which they returned in this case.

The judgment of the circuit court is affirmed. *Nortoni, J.,* and *Caulfield, J.,* concur.