CITIZENS BANK OF POMONA, Appellant, v. EUGENE OAKS, Respondent.

Springfield Court of Appeals, November 14, 1914.

1. **BILLS AND NOTES: Given to Secure Another's Debt: Defenses.**
Action on a note given to secure the payment of another's debt. It was alleged in defense that "the note was given to plaintiff without any consideration and if there was any balance due plaintiff by W. the same had been collected by plaintiff in the sale of a certain tract of land given by W. to plaintiff to secure said indebtedness." *Held*, that plaintiff's purchase at tax sale of such land mortgaged to secure the debt did not render plaintiff chargeable with receiving payment of the debt, the evidence being indefinite as to the reasonable value of the land at the time of the tax sale and how much it sold for.

2. ———: **Guaranty Note: Payment of Debt Prior to Giving.** Where no claim of fraud or duress in obtaining a guaranty note was made, it does not avail as a defense that the debt guaranteed had been paid prior to the giving of the note.

3. ———: **Guaranty Note: Consideration: What Suffices.** A guaranty note given as security for the payment of another's debt, has sufficient consideration if some consideration passed to the one for whose benefit defendant signed the instrument. An extension of time for making payment is sufficient. It is not necessary that a consideration pass to the defendant maker.

4. ———: ———: **Prior Adjudication Against Principal: Binding on Guarantor.** Action on a guaranty note to secure the payment of another's debt. In a prior suit for accounting between the original debtor and plaintiff herein, the entire indebtedness, together with the contract of guaranty here involved, was inquired into. The decree therein finding a larger amount due precludes a defense in the present case that the debt then unpaid did not equal the amount of the guaranty.

Appeal from Howell County Circuit Court.—*Hon. W. N. Evans*, Judge.

REVERSED AND REMANDED (*with directions*).

*M. E. Morrow* for appellant.

If there is no substantial evidence to support the verdict, the judgment will be reversed. Sec. 2083, R. S. 1909; Joy v. Cale, 124 Mo. App. 569; Bretzfelder v. Waddle, 122 Mo. App. 462; Turner v. Haar, 114 Mo. 335; Berning v. Medart, 56 Mo. App. 443; Richardson v. Drug Co., 92 Mo. App. 515.

*I. N. Jett* and *Green, Wayland & Green* for respondent.

STURGIS, J.—The plaintiff sues on the following written instrument, designated by the parties and for convenience here as a note: "West Plains, Mo., Dec. 18, 1911. On or before January 2, 1912. I hereby promise to pay to the Citizens Bank of Pomona, Mo., the sum of two hundred and eighty-six dollars ($286)

being amount of balance due to said bank by one W. A. Wible. Signed, Eugene Oaks.'' The petition alleges that this written promise was made and taken because one W. A. Wible owed the plaintiff the amount specified therein which was insufficiently secured and was then due; that defendant's promise was to pay Wible's unsecured indebtedness in the event said Wible did not pay said sum of $286, on or before the date mentioned; that Wible has never paid any part of it and that defendant has, after demand, refused to pay. The answer is a general denial, coupled with the allegation that the ''note, if note it was, was given to plaintiff wholly without consideration, and : . . if there was any balance due plaintiff by W. A. Wible, . . . the same was collected by plaintiff in the sale of a certain tract of land located in Phelps county, and which was given by said W. A. Wible to said plaintiff to secure said indebtedness.'' The defendant, having admitted the execution of the instrument sued on, took the laboring oar and assumed the burden of proving his defense. The jury under the instructions given found for defendant and the plaintiff appeals.

The appellant has filed in this court a complete transcript, as well as an abstract of the record. Our statutes and appellate court rules require that the abstract and additional abstract, where the respondent deems it necessary to file one, should furnish the appellate court all that is necessary to be consulted in the decision of the case, whether the appeal be by the long or short form, and we consult the transcript only to determine differences as to what it shows. No additional abstract has been filed, but the parties here have referred us to both the abstract and the transcript to sustain their various contentions. We will consider the abstract only. The facts are not presented with clearness. We are not certain whether this is due to a desire to leave certain facts in a nebulous condition or because some of the facts and the business relation-

ship of the parties and witnesses were so well known to those engaged in the trial as to need no proof.

We gather from the record that W. A. Wible was allowed to become indebted to the plaintiff bank to an amount much in excess of that allowed by law and that plaintiff was threatened with a loss. The then cashier was responsible for this condition of affairs and the directors were responsible for permitting it. It is not shown with clearness the exact amount of the Wible indebtedness; it is spoken of as being originally $4800, but there was doubtless some interest due when the plaintiff bank changed cashiers and sought to collect or secure the amount owing by Wible. It is shown that the bank held a note for $3000, payable to the then cashier, Buster, which was secured by a mortgage on some Howell county land. This note was reduced to $2500, by the directors of the plaintiff bank making their individual note to the plaintiff bank for $500, which note was subsequently paid and a credit made on the $3000 note. The balance of this $3000 note was also subsequently paid, as will be noted later. The plaintiff also took or held Wible's note for $2500, secured by a chattel mortgage on some personal property and, as additional security for which, a note for $600, secured by a deed of trust on some land in Phelps county, Missouri, was turned over by Wible to the plaintiff bank as collateral security. It is shown that Wible later, without authority, sold and disposed of some of the personal property secured by the chattel mortgage and was about to get in trouble over this when the defendant, as his friend, arranged to have the plaintiff give him further time to make good the unsecured shortage, then fixed at $286, by defendant signing the instrument sued on in the nature of a guaranty.

It is conceded that Wible did not pay this balance of $286, unless, by reason of the purchase by plaintiff of the Phelps county land at a tax sale, it should in

this suit be charged with enough to cancel that indebtedness.

The record does not show with any degree of clearness how much the plaintiff has collected on this last mentioned $2500 note. From the question asked by defendant's attorney of the bank's president while on the stand, but not answered definitely by him, defendant seems to contend that $1000 was realized out of the sale of live stock covered by the mortgage and $140 out of a horse and buggy. Then $500 and interest was paid by the directors on their individual note, making $1640. This is all that is shown to have been paid other than the full payment of the balance of $2500 on the other note secured by the Howell county land. But, as said, this is not at all satisfactory.

The way in which defendant seeks to charge plaintiff with receiving payment out of the Phelps county land is this: The land was advertised and sold for taxes while plaintiff was holding the note and deed of trust as collateral security and was purchased by the plaintiff. This sale, however, was not brought about by plaintiff unless by its failure to pay the delinquent taxes. It is claimed that, as plaintiff could have paid the taxes and charged same against the land and could have sold the land by foreclosure of its deed of trust, it should be charged the fair value of the land so purchased at the tax sale rather than the amount bid at the sale. We will assume that this is the law. The evidence, however, is not satisfactory as to the reasonable value of this land at the time of the tax sale, no qualified witness testifying thereto. The plaintiff bank carried it on its books at a value of $375. A witness said that it was worth about $800 *at the time of the trial.* Nor is it shown definitely when the tax sale took place nor for how much the land sold. One witness said it was sold about two years before the trial in December, 1913, which would make the date of the tax sale the same month as de-

Citizen's Bank v. Oaks.

fendant gave the obligation sued on. If the tax sale had already taken place and the land purchased by plaintiff before the obligation sued on was executed, this puts defendant in the attitude of now claiming that the balance which Wible conceded he owed and was asking further time in which to pay and which defendant undertook to pay on January 2, 1912 in case of Wible's default, was already paid and that there was no such balance then due. In the absence of a defense based on fraud or duress in obtaining the instrument sued on, such claim would not be allowable. [Fitzgerald v. Barker, 85 Mo. 13, 21.] The instructions given made no distinction as to whether the tax sale took place before or after the giving of the instrument sued on.

The amount that the land sold for at the tax sale is shown only in an indefinite way. There is a recital in the decree rendered in the same court in the case of Wible against this plaintiff for an accounting, tried less than a year prior to the trial of the present case, and which was put in evidence, that the land was sold to plaintiff for $275, and that plaintiff paid the taxes on the same, making a total of $296.40. A witness stated that the bank was really out only about $85; but the bank was evidently bidding against its own debt and bid $275, the costs and judgment for taxes making the $85 actually paid. This surplus had evidently been credited on the Wible note and he got the benefit of the land up to that price. There is, we think, no sufficient evidence on which to base a finding that the land at the time of the tax sale was reasonably worth enough more than it sold for to cover the amount sued for here.

There is considerable said in the briefs as to the instrument sued on being without consideration. Both parties seem to think that there must be some consideration passing to the defendant, as maker, to support the instrument. It is sufficient, however, that some

consideration passed to Wible, for whose benefit defendant signed the instrument sued on. [Houck v. Frisbee, 66 Mo. App. 16.] An extension of time for making payment is a sufficient consideration. Glasscock v. Glasscock, 66 Mo. 627; Janis v. Poentgen, 59 Mo. App. 75; Smith v. Richardson, 77 Mo. App. 422, and defendant expressly says that he signed this instrument on an agreement by plaintiff to give further time to Wible to pay this balance. If the admission of defendant at the commencement of the trial, that he admitted signing the note sued on and pleads failure of consideration, be taken as narrowing the issue to that one defense, Granby Min. Co. v. Davis, 156 Mo. 422, 57 S. W. 126, then this defense utterly failed.

We think, however, that the former decree of the Howell county circuit court in the suit of Wible against this plaintiff, above mentioned, is such an adjudication of the facts now in controversy as precludes the defense made in this case. Neither side controverted the correctness of the finding then made and both sides rely thereon. This decree went in without objection, inasmuch as the objection shown is so indefinite that it amounts to no objection at all. [Smith v. Railroad, 127 Mo. App. 160, 165, 105 S. W. 10; Fuller v. Robinson, 230 Mo. 22, 50, 130 S. W. 343; Stevens v. Knights of Modern Maccabees, 153 Mo. App. 196, 205, 132 S. W. 757.] The suit resulting in that decree is for an accounting and had for its object the determination of the amount due from Wible to this plaintiff or *vice versa*. The decree shows that the court inquired into the whole indebtedness between Wible and this bank, the guarantee given by this defendant, and the effect of the purchase of the Phelps county land by this plaintiff at the tax sale. This decree was entered on January 23, 1913, and the court there found that Wible then owed the plaintiff bank a balance of $84.80 on the $3000 note, above mentioned, after allowing for the $500 note given and paid by the directors, reducing it

to $2500, and the payment of the sum then on hand paid into court to redeem the Howell county land from the deed of trust on the same. This small balance is evidently interest accruing during that litigation and is a personal debt against Wible alone. The decree further finds a small amount of $9.94 due to plaintiff bank on a note for $147, not connected with the present suit. As to the $2500, secured by the chattel mortgage and the Phelps county land, the court found: "That the plaintiff is indebted to the defendant, the Citizens Bank of Pomona, in the further sum of three hundred and thirty-three ($333.75) dollars, and seventy-five cents, being the balance due on the certain promissory note of twenty-five hundred ($2500) dollars executed by the plaintiff to the defendant .Bank on April 17, 1911. . . . And it is further ordered, adjudged and decreed by the court that the defendant, The Citizens Bank of Pomona, recover of and from the plaintiff the further sum of three hundred and thirty-three ($333.75) dollars and seventy-five cents, being the balance of principal and interest due on the certain promissory note of twenty-five hundred ($2500) dollars mentioned in the pleadings herein, together with eight (8%) per cent interest till paid. It is further ordered, adjudged and decreed by the court, that upon the payment of the above-mentioned balance of three hundred and thirty-three ($333.75) dollars and seventy-five cents together with interest due thereon, the defendant Bank shall cancel and deliver up the certain promissory note of two hundred and eight-six ($286) dollars executed by one Eugene Oaks, and now held by the defendant Bank as collateral security thereto. . . . It is further ordered and decreed by the court that should the plaintiff elect to redeem the Phelps county lands, he may do so within (90) days from the date of this decree, by paying to the defendant, within said ninety days, the amount of the purchase price that said defendant paid for said lands at the tax sale, to-wit:

The sum of two hundred and seventy-five ($275) dollars together with the amount of taxes paid on said lands by said defendant, to-wit: The sum of twenty-one ($21.40) dollars and forty cents; and should plaintiff pay to the defendant Bank, within the time limit aforesaid, the aggregate amount of the last above-mentioned sums, to-wit: The sum of two hundred and ninety-six ($296.40) dollars and forty cents then, upon such payment of the last-mentioned sum, the defendant the Citizens Bank of Pomona shall execute and deliver to plaintiff a good and sufficient quitclaim deed conveying said Phelps county lands to the plaintiff.''

It is evident from this judgment that the then plaintiff Wible, was contending for an allowance on his indebtedness for the difference between the real value of the Phelps county land bought at the tax sale and the price paid by plaintiff therefor. We may concede that the court might have made such an allowance and at once ordered a surrender and cancellation of the instrument sued on here and there designated as ''the certain promissory note of two hundred and eighty-six ($286) dollars executed by one Eugene Oaks (defendant here), and now held by the defendant bank (plaintiff here) as collateral security thereto.'' But, as the evidence was probably conflicting as to the value of that land, the court took the more just course of allowing the debtor, Wible, to redeem this land by repaying what the bank had paid thereon. This right being accorded to Wible, as the principal debtor, was thereby accorded to defendant, Oaks, as his surety or guarantor. Having failed to redeem the land, it must now be taken that Wible and this defendant have determined that the land is not worth more than the price paid and the land has vested in plaintiff. It is also fixed by that decree that Wible then owed the plaintiff an amount more than equal to the amount specified in the instrument sued on and no proof is offered of its

being paid since. The correctness and binding force of this decree cannot now be questioned and this fixed plaintiff's right to recover on this written instrument. [Beh v. Bay, 127 Iowa 246, 103 N. W. 119, 109 Amer. St. Repts. 385; Bank of New London v. Ketchum (Wis.), 29 N. W. 216; Holmes v. Frost (Penn.), 17 Atl. 424; LaFayette Building Assn. v. Kleinhoffer, 40 Mo. App. 388, 403; Calhoun v. Gray, 150 Mo. App. 591, 596, 131 S. W. 478; 27 Ency. of Law (2 Ed.), 454, 455; 32 Cyc. 136, 137.]

It results that this judgment must be reversed and the cause remanded, with directions to enter judgment for plaintiff for the amount sued for with interest.

It is so ordered.

*Robertson, P. J.,* concurs.   *Farrington, J.,* concurs.