## ENO EVERSMEYER, Appellant, v. W. W. BROYLES and RICHARD T. BENNETT.

### Division Two, December 4, 1919.

1. **JUDGMENT: Ejectment: Annullment: Indefinite Description.** The section lines and corners of a Government survey are fixed and determined whether or not there are any visible monuments indicating their location. So if the description of the land in the judgment in ejectment states the beginning point is the northeast corner of a certain fractional section, and from that point the lines are described by courses and distances, and there is no allegation that there is any uncertainty as to the location of the

corner, the judgment cannot be annulled on the ground that the description is so vague and uncertain as to be void.

2. ——: ——: ——: ——: **Tracing Courses: Outside of Section Named.** The description of land contained in a judgment may be followed backwards as well as forwards for the purpose of ascertaining the true location of the land described; and if the judgment recites that the land recovered is all of the northeast fractional quarter of a certain section, and by following the courses and distances given the land can be ascertained to be within that quarter section, it will not be held that it lies outside of it, and that in consequence the judgment is void for uncertainty of description.

3. ——: ——: **Res Adjudicata: Possession of Defendant.** Where the court in its judgment in ejectment found that defendant was in possession of the land, he cannot subsequently dispute that finding by a collateral attack upon the judgment.

4. ——: ——: ——: **Defense Available In Ejectment: Ownership.** An allegation in a suit to annul a judgment in ejectment that plaintiff is the owner of an undivided one-third of the land is a defense he should have set up in the ejectment suit, and he cannot now be heard to assert any claim to the land he might then have presented as a defense.

Appeal from Montgomery Circuit Court. —*Hon. E. S. Gantt,* Judge.

AFFIRMED.

*Sutton & Huston, Hostetter & Haley* and *Rosenberger & Dowell* for appellant.

(1) The description of the lands adjudged to be recovered in the judgment in the ejectment suit is so vague and uncertain as to render the judgment utterly void and subject to collateral attack. It is impossible to say, under any rule of interpretation that might be adopted, whether it was intended to adjudge the recovery of lands in Fractional Section 28 or lands in Survey 1744; and if interpreted to adjudge the recovery of lands in Fractional Section 28, no marks, monuments or physical objects are given to guide the sheriff in the location of the lines and boundaries of Fractional Section 28, and the sheriff is commissioned to judicially de-

termine the location of such lines and boundaries. Benne v. Miller, 149 Mo. 245; Franklin v. Haynes, 139 Mo. 313; Robertson v. Drane, 100 Mo. 273; Brummell v. Harris, 148 Mo. 446; Koch v. Gordon, 231 Mo. 652; Dolphin v. Klann, 246 Mo. 487; Guitar v. St. Clair, 238 Mo. 627. (2) If, however, the description of the land in the judgment is to be interpreted as commencing 610 feet west of the northeast corner of Fractional Section 28 by rejecting the call in the judgment for the northwest corner of Fractional Section 28 and the west line of said Fractional Section and the east line of Survey 1744, then the judgment is void because it adjudges to the plaintiff in the judgment possession of lands not described in the petition, and thus goes beyond the limits of the issue made by the pleadings and exceeds the jurisdiction of the court. Bricken v. Cross, 140 Mo. 171; State ex rel. v. Seibert, 97 Mo. App. 219; State ex inf. Rosenberger v. Bellflower, 129 Mo. App. 146. Charles v. White, 214 Mo. 208; Little v. Giles, 27 Neb. 179; Waldron v. Harvey, 54 W. Va. 608; Stanley v. Roberts, 59 Fed. 836; Bland v. Windsor, 187 Mo. 132; Railroad v. Railroad, 222 Mo. 487; Sec. 2394, R. S. 1909. (3) If, under any possible rule of construction, the judgment could be held to be valid for the recovery of a tract of land in Fractional Section 28, still the plaintiff is entitled at least to be relieved from the payments of rents and profits accruing since the rendition of the judgment, the defendant Broyles having been in the exclusive possession of the tract since the rendition of the judgment.

*Avery & Killam, W. C. Hughes* and *S. S. Nowlin* for respondent.

(1) The burden of the objections as shown in plaintiff's petition, is that the judgment rendered by the circuit court was null and void because the court had no jurisdiction of the subject-matter or parts of the subject-matter, and as the circuit court had no jurisdiction, the

Supreme Court had no jurisdiction, and therefore this judgment is subject to collateral attack. We lay down this doctrine: If the circuit court had no jurisdiction to render the judgment then the judgment is absolutely void, and being void the execution will be void also, and equity will not interfere to do a nugatory act. The remedy of Eversmeyer, the defendant in the ejectment suit, under these circumstances, is not an equitable remedy, but he has a complete, legal and adequate remedy, as he can maintain a suit against the sheriff as a trespasser and also against Broyles and the purchasers' title to the land sold under this void judgment would be entirely valueless and there can be no recovery in a court of law. Donovan v. Railway Co., 89 Mo. 146; Railway Company v. Lowder, 138 Mo. 538. (2) A court will not enjoin, or restrain, the execution of a void judgment. Taylor v. Todd, 48 Mo. App. 555; McClanahan v. West, 100 Mo. 323; Railway Company v. Maddox, 92 Mo. 469; Railway Company v. Reynolds, 89 Mo. 146; Stockton v. Ranson, 60 Mo. 535; Bear v. Youngman, 19 Mo. App. 41. (3) The appellants complain that it would be inequitable and unjust for the plaintiff in the ejectment suit to recover the lands described in the petition if only an undivided one-third part of these lands belonged to Eversmeyer, the defendant in the ejectment suit, and that plaintiff is at least entitled to be relieved from the payment of rents and profits to an undivided two-thirds part of the lands accruing since the rendition of the judgment. This was a question of defense in the ejectment suit. Reiger v. Mullins, 210 Mo. 563. (4) A valid judgment for plaintiff definitely and finally negatives every defense, objection or exception which might and would have been raised against the action. 23 Cyc. 1196.

WHITE, C.—The plaintiff brought suit in the Circuit Court of Lincoln County to enjoin the levy of an execution and the annulment of the judgment upon which the execution was issued. The case in which the judgment was rendered was ejectment. The defendant here

W. W. Broyles was plaintiff, and the plaintiff here was defendant. It is alleged that the defendant, Richard T. Bennett, sheriff of Lincoln County, is about to serve the execution.

The bill of plaintiff sets out the pleadings, proceedings and judgments in the case of Broyles v. Eversmeyer.

The petition in that case stated a cause of action in ejectment in the ordinary form for the recovery of a tract of land in Lincoln County, described as follows, to-wit: All the Northeast Fractional Quarter of Section 28, Township 50, Range 1 west. The petition stated that the defendant Eversmeyer was wrongfully in possession of the same and that the plaintiff Broyles was damaged in the sum of five hundred dollars by the withholding of possession, and that the monthly rents and profits of the premises was fifteen dollars.

The judgment in the case of Broyles v. Eversmeyer is then set out and it recites that the court heard the evidence and found the plaintiff was the owner and entitled to the possession of:

"All of the Northeast Fractional Quarter of Section 28, Township 50, Range 1 west, and that afterwards on the 2nd day of January A. D. 1906, the defendant herein, Eno Eversmeyer, entered upon said lands and took possession thereof and ever since that time and now has wrongfully continued in possession thereof and unlawfully withheld and now withholds possession thereof from the plaintiff that part of the said Northeast Fractional Quarter of Section 28, Township 50, Range 1 west, described as follows: Beginning on the north line of Fractional Section 28, Township 50, Range 1 west, at a point 610 feet west of the Northeast corner of said Fractional Section 28; thence with the line between said Fractional Section 28 and Survey 1744, S. 39 degrees east 450 feet; thence S. 10 degrees W. 800 feet; thence N. 75 degrees W. 1100 feet; thence S. 10 degrees W. 60 feet; thence leaving said line between Fractional Section 28 and Survey 1744 and running S. 84½

degrees E. 288 feet; thence S. 52 degrees E. 1002 feet; thence N. 46 degrees E. 406 feet; thence N. 17 degrees 10 degrees E. 482 feet; thence N. 33½ degrees W. 133 feet; thence N. 70 degrees W. 105 feet; thence N. 10 degrees E. 246; feet; thence N. 23 degrees W. 480 feet to the north line of said Fractional Section 28; thence west with said section line 183 feet to the place of beginning, containing about 11¼ acres.

"The court doth further find that plaintiff has been damaged in the sum of $360 by reason of defendant's action in taking possession of said land and withholding the same from the plaintiff since the second day of January, 1905, to this date; the court further finds that the value of the monthly rents and profits of said lands is $7.50.

"It is therefore ordered, adjudged and decreed by the court that plaintiff have and recover against the defendant a judgment of restitution for the possession of the aforesaid lands, so found by the court to have been unlawfully taken and withheld by defendant from plaintiff, and that we have a writ of restitution therefor, and also that plaintiff have and recover from defendant a judgment for the sum of $360 for his damage as found by the court by reason of the defendant taking and withholding possession of said lands from the plaintiff, and that he also have judgment against the defendant for the value of the rents and profits found by the court at the rate of $7.50 per month from the date of the rendition of this judgment until possession is delivered to plaintiff, and for the costs expended about the prosecution of this suit and as taxed by this court, and that he have execution therefor."

The bill in this case then alleges that a writ of possession and execution had been issued upon this judgment directing the Sheriff of Lincoln County to oust the plaintiff from the possession of the lands described in the judgment and to levy the damages and costs adjudged in favor of Broyles and against Eversmeyer.

The bill further alleges that it cannot be determined, from the terms and provisions of the said judgment, where the tract of land lies which is adjudged to belong to Broyles. It is averred that there are two tracts of land, Tract A and Tract B, and that it is impossible to determine which tract is meant by the description in the judgment; that Tract A lies wholly without Fractional Section 28, Township 50, Range 1 west, and that Tract B. lies wholly within the Northeast Fractional Quarter of Section 28. It is further averred that the plaintiff Eversmeyer is in possession, and has been since the commencement of the suit of Broyles v. Eversmeyer, of only an undivided one-third part of Tract A, and therefore if Tract A was the tract intended the judgment is wrong in that it should have adjudged the recovery only of an undivided one-third, and should have adjudged recovery of only one-third of the damages, rents and profits.

It is further averred that if Tract B is the tract sued for and intended to be described in the judgment, then Broyles, the plaintiff in said ejectment suit, was at the time of the rendition of the judgment and at the commencement of the suit and ever since has been in exclusive possession, and therefore is not entitled to a judgment for possession or the recovery of damages of rents and profits for the withholding of such possession.

It is further alleged in the bill that the plaintiff had a meritorious defense to the suit in the case of Broyles v. Eversmeyer and that he was the owner in fee of an undivided one-third of Tract A and entitled to the possession of same. The plaintiff, Eversmeyer, then prays for a temporary restraining order enjoining the defendant from levying upon and selling plaintiff's property under the said execution and from interfering with plaintiff's possession of said Tract A; and that the said writ of injunction upon final hearing may be made perpetual, and that the said judgment may be annulled and Broyles be restrained from attempting hereafter to enforce it.

The defendants filed a demurrer to this bill which was by the trial court sustained. The plaintiff declining to plead further, his bill was dismissed, and from that judgment he appealed.

I.   The first point made by appellant is that the description in the judgment attacked is so vague and uncertain as to render the judgment void; that it cannot be determined from the description of the land whether it lies within the northeast Fractional Quarter of Section 28, or in Survey 1744 mentioned in the judgment and entirely without the northeast Fractional Quarter of Secion 28.  It is argued that the sheriff in serving the execution which contains a description of the property, following the judgment, must have some definite fixed monument by which to identify the land; that no fixed monuments from which to begin the measurements and calls for distances appears in the description and therefore the sheriff would not know where to begin.

The description clearly states the beginning point from which the description must start, and that is the northeast corner of Fractional Section 28. If we understand appellant, he contends there is no monument by which to locate that point.  The plaintiff's bill in this case states nowhere that there is any uncertainty about that section corner, nor about the location of the line dividing that section from Survey No. 1744.  It is true, in an action of ejectment where a Government survey of a line or corner is in dispute and the issue in the case turns upon its location, the judgment must determine and state in some manner just where it is, so that it can be located. [Brummell v. Harris, 148 Mo. 446; Benne v. Miller, 149 Mo. l. c. 245.]

Government Corner.

But section lines and corners in a Government survey are fixed and determined, whether there are visible monuments there or not.   [Bradshaw v. Edelen, 194 Mo. 661;  Granby Mining & Smelting Co. v. Davis, 156 Mo. 422, l. c. 430-1;   Carter v. Hornback, 139 Mo. l. c. 243.]

The cases cited by appellant in support of his position that the judgment should show a fixed, visible monument by which the sheriff might locate the land, all are cases where there was a dispute as to the position of a line or a corner and the location of such line or a corner was an issue in the case. It is not alleged that there was any dispute as to the location of the section corner or section line, nor that the sheriff would have any difficulty in finding them; it must be presumed that the court acted regularly and with full knowledge of the situation. Therefore it must be presumed that the sheriff would know where to find them. The judgment would cover the land described, following the courses and distances wherever the same might fall, the courses and distances of course being limited to know lines and monuments. [Kronenberger v. Hoffner, 44 Mo. 185; Smith v. Catlin Land & Imp. Co., 117 Mo. 438.]

II. But it is contended that beginning 610 feet west of the northeast corner of Fractional Section 28 and following the courses and distances named in the description, he would run entirely without Fractional Section 28 and the land would lie wholly in Survey No. 1744. and in that case the judgment would be for the recovery of land not described in the petition. In answer to this, there is a finding by the court that the land described is a part of the northeast Fractional Quarter of Section 28 and therefore within the allegation of the petition. And nothing appears in the record of that case nor in the allegations of the bill to show the contrary. The appellant has presented no plat showing the location, dimensions or contour of Fractional Section 28. nor of Survey No. 1744. We do not know on which side of Fractional Section 28 Survey 1744 is except as it may be inferred from this description in the judgment. The description begins on the north line of Fractional Section 28. therefore it must be a point somewhere on that section and not off it and the first call runs with the line between Fractional

*Outside the Section.*

Section 28 and Survey 1744. Therefore, whether the distances of this beginning point from the northeast corner of Section 28 is 610 feet, or more or less, it would be on the north line of Section 28 and on the line between that section and Survey 1744. The *last* call of the description runs with the north line of the Fractional section, 183 feet west to the place of beginning. We can follow the description backwards as well as forwards to ascertain the true location of the land described. The beginning point then is on the north line, and on the line between Survey 1744 and Section 28, and the north side of the tract described is 183 feet wide. All of this last call then is clearly within Section 28. But the first call follows the line between Section 28 and Survey 1744, as likewise do the second, third and fourth calls. This is evident from fact that the fifth call begins with: "Then leaving said line between Fractional Section 28 and Survey 1744," indicating that all previous calls have followed that line. Now it is apparent from the first, second, third and fourth calls that Survey 1744 lies west of Section 28. The next call, after leaving the line between Section 28 and Survey 1744, runs south 84½ degrees east, and the next, south 52 degrees east, and these two calls bearing eastward certainly carry into Section 28 and not westward into Survey 1744. The other calls then encircle the tract so as to bring the last call to start 183 feet east of the beginning point. There is nothing in that description which necessarily places the land described, nor any part of it, outside of Section 28. There is no allegation as to how wide east-and-west the northeast Fractional Quarter of Section 28 is, nor where the line runs between that and Survey 1744, except as that dividing line is set out in the judgment. On this state of the record the finding of the trial court is conclusive.

III.    It is further complained by the plaintiff that if Tract B is meant to be described, Broyles is already in possession, and if Tract A is meant to be described

In Possession. 'Eversmeyer is in possession of only a one-third interest. But the trial court in the ejectment suit found that Broyles was entitled to possession of the tract sued for and Eversmeyer was in possession and unlawfully withheld same. Eversmeyer cannot be heard to dispute that fact in this collateral attack upon the judgment.

Plaintiff further alleges that he has a meritorious defense to that ejectment suit and that he is the owner of an undivided one-third part of Tract A. Then that is a defense which he should have set up in the eject-
Res Adjudicata. ment suit; it can avail him nothing here. In fact, all the objections urged by appellant in this case against the propriety of the judgment in the ejectment suit of Broyles v. Eversmeyer were available to him and should have been presented as a defense to that action. He cannot now be heard to object to the regularity of that proceeding or urge here in support of his rights to the land any claim, which he might have presented in defense of that action. [Spratt v. Early, 199 Mo. l. c. 501; St. Louis v. United Railways, 263 Mo. l. c. 424.]

The bill speaks of Tract A and Tract B as if the description in the judgment might fit either tract. Appellant does not explain how that could be done except to say that following the courses and distances would carry the land out of Section 28. He claims in his brief, though it is not alleged in the bill, that 610 feet west of the northeast corner of Section 28 is 283 feet west of the line between that section and Survey 1744; that is, the north line of the section is only 327 feet long. If that is true, then the beginning point would stop 283 feet short of 610 feet west of that corner, at the dividing line and follow it. Appellant finds difficulty in that, and, in fact, the entire trouble expressed by appellant arises from the assumption that the northeast corner of Fractional Section 28, as well as the line between that Fractional Section and Survey 1740, are not monuments. What appellant means by that we pre-

sume is that there are no fixed, visible marks on the ground to designate their positions. As said above, it does not matter whether there are any marks there or not so long as their location is not disputed.

The judgment is affirmed. *Railey* and *Mozley, CC.,* concur.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.